**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

---

|  |  |  |
|---|---|---|
| **UNDERHILL INVESTMENT CORPORATION** and **STEPHEN D. PESKOFF**, | : : : : | |
| Plaintiffs, | : : | C.A. No. 06-99-SLR |
| v. | : : | |
| **FIXED INCOME DISCOUNT ADVISORY COMPANY**, | : : : | |
| Defendant. | : : | |

---

### ANSWER

Defendant Fixed Income Discount Advisory Company ("FIDAC"), by its attorneys Edwards Angell Palmer & Dodge LLP and Kirkpatrick & Lockhart Nicholson Graham LLP, responds to the Complaint of Underhill Investment Corporation ("Underhill") and Stephen D. Peskoff ("Peskoff"), dated February 13, 2006, as follows:

1.    Denies the allegations in Paragraph 1, and respectfully refers the Court to the Complaint for a description of the nature of this action and the relief sought.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, except admits that Underhill was previously a corporation existing under the laws of the State of Ohio and the amount in controversy exceeds $75,000.

3.    Admits that FIDAC is a resident of this district.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, except admits that until its voluntary dissolution on November 1, 2004, Underhill was a corporation organized and existing under the laws of the State of Ohio.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, except admits that Peskoff is an adult individual.

6.    Denies the allegations in Paragraph 6, except admits that FIDAC is a Delaware corporation with its principal place of business located at 1211 Avenue of the Americas, 29th Floor, New York, New York 10036; FIDAC's registered agent for service of process in Delaware is United Corporate Services, Inc., 874 Walker Road, Suite C, Dover, DE 19904; FIDAC's President and Chief Executive Officer is Michael A. J. Farrell; and FIDAC's business relates to fee-based capital management.

7.    Denies the allegations in Paragraph 7, except admits that FIDAC became a wholly-owned subsidiary of Annaly Mortgage Management, Inc. ("Annaly") in June 2004, and that Annaly's stock trades on the New York Stock Exchange under the symbol "NLY."  To the extent that the Complaint purports to state the contents of filings with the Securities and Exchange Commission, the Court is respectfully referred to those filings, which speak for themselves.

8.    Denies the allegations in Paragraph 8, except admits that the Letter dated February 15, 2000 (the "Letter"), which is Exhibit A to the Complaint, was signed by Peskoff as President of Underhill and Michael A.J. Farrell, as Chairman of FIDAC.

9.    See response to Paragraph 8 above.

10.    Denies the allegations in Paragraph 10.

11.    Respectfully refers the Court to the provisions of Exhibit A to the Complaint, which speaks for itself.

12.    Denies the allegations in Paragraph 12.

13.    Denies the allegations in Paragraph 13.

14.    Denies the allegations in Paragraph 14, except admits that between May 2000 and May 2002, on ten occasions FIDAC paid Underhill a percentage of the revenues it received from the FBR REIT.

15.    Denies the allegations in Paragraph 15, except admits that FIDAC and Gen Advisors LLC collaborated to create Premier, an investment vehicle for insurance companies, for which FIDAC continues to receive revenues for providing asset management services.

16.    Denies the allegations in Paragraph 16.

17.    Denies the allegations in Paragraph 17, except admits that Sentry Select developed MBS Trusts I, II, III, and IV with the collaboration of FIDAC, that FIDAC continues to earn revenues from these trusts, and that these trusts represent FIDAC's entry into the Canadian market for asset management services.

18.    Denies the allegations in Paragraph 18.

19.    Denies the allegations in Paragraph 19, except admits that FIDAC sent a check for $30,000 to Underhill that read "for Canadian deal – with Sentry Select.  This is a one time finder's fee."

20.    Denies the allegations in Paragraph 20, except admits that the last payment made by FIDAC to Underhill was in December 2003, when it issued the $30,000 check referred to in Paragraph 19 above to Underhill.

21.    Denies the allegations in Paragraph 21, except admits that FIDAC has received millions of dollars in revenue from Premier, which it developed with some assistance from Gen Advisors LLC.

22.    Denies the allegations in Paragraph 22, except admits that FIDAC sent a letter dated April 20, 2004 to Underhill, and refers the Court to the document itself, which is Exhibit B to the Complaint, and which speaks for itself.

23.    Denies the allegations in Paragraph 23, and respectfully refers the Court to the provisions of Exhibit A to the Complaint, which speaks for itself.

24.    Denies the allegations in Paragraph 24.

25.    See response to Paragraph 22 above.

26.    Denies the allegations in Paragraph 26.

## Count I

27.    Repeats and realleges the answers to Paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28.    Denies the allegations in Paragraph 28.

29.    Denies the allegations in Paragraph 29.

30.    Denies the allegations in Paragraph 30.

31.    Denies the allegations in Paragraph 31.

## Count II

32.    Repeats and realleges the answers to Paragraphs 1 through 31 of the Complaint as if set forth fully herein.

33.    Denies the allegations in Paragraph 33.

34.    Denies the allegations in Paragraph 34.

## Count III

35.    Repeats and realleges the answers to Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

36.    Denies the allegations in Paragraph 36.

37.    Denies the allegations in Paragraph 37.

38.    Denies the allegations in Paragraph 38.

39.    Denies the allegations in Paragraph 39.

40.    Denies the allegations in paragraph 40.

## Count IV

41.    Repeats and realleges the answers to Paragraphs 1 through 40 of the Complaint as if set forth fully herein.

42.    Denies the allegations in Paragraph 42, except admits that FIDAC is currently receiving revenues from Premier and the MBS Trusts.

43.    Denies the allegations in Paragraph 43, and respectfully refers the Court to the Complaint for a description of the nature of the relief sought.

44.    Denies the allegations in Paragraph 44, except admits that FIDAC denies that either Underhill or Peskoff is entitled to any money from FIDAC.

45.    Denies the allegations in Paragraph 45, except admits that a controversy exists concerning whether FIDAC owes any money to Underhill and/or Peskoff.

## DEFENSES

### First Defense

46.    The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

47.    Underhill and Peskoff each lack standing and capacity to sue.

<u>**Third Defense**</u>

48.     The claims are barred by accord and satisfaction.

**WHEREFORE,** FIDAC respectfully requests judgment in its favor dismissing the Complaint, together with the costs and disbursements of this action.

DATED:  March 29, 2006                **EDWARDS ANGELL PALMER & DODGE LLP**

      _/s/ John L. Reed_
John L. Reed (I.D. No. 3023)
Denise Seastone Kraft (I.D. No. 2778)
919 North Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770 (Phone)
302.777.7263 (Fax)
jreed@eapdlaw.com
dkraft@eapdlaw.com

**OF COUNSEL**:

Gerald A. Novack (_Of the New York Bar_)
**KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP**
599 Lexington Avenue
New York, NY 10022
212.536.3918
212.536.3901 (Fax)

<u>**CERTIFICATE OF SERVICE**</u>

   I, John L. Reed, hereby certify that on March 29, 2006, the attached **ANSWER** was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

    Joseph Grey, Esq.
    Stevens & Lee, P.C.
    1105 North Market Street, Seventh Floor
    Wilmington, DE 19801

      **EDWARDS ANGELL PALMER & DODGE LLP**

      */s/ John L. Reed*
      John L. Reed (I.D. 3023)
      Denise Seastone Kraft (I.D. 2778)
      919 N. Market Street, 15th Floor
      Wilmington, DE 19801
      302.777.7770
      302.777.7263
      jreed@eapdlaw.com
      dkraft@eapdlaw.com

- 1 -