IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNDERHILL INVESTMENT CORPORATION** and **STEPHEN D. PESKOFF**, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | C.A. No. 06-99-SLR |
| **FIXED INCOME DISCOUNT ADVISORY COMPANY**, | : : : : | |
| Defendant. | : : | |

### NOTICE OF SERVICE OF SUBPOENA

TO:  Joseph Grey, Esq.
     Stevens & Lee, P.C.
     1105 North Market Street, 7th Floor
     Wilmington, DE 19801

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure (the "Federal Rules") Defendant Fixed Income Advisory Company, by their undersigned attorneys, will take the deposition upon oral examination of:

Charles P. Cocke, CPA
1800 Robert Fulton Drive
Reston, Virginia 20191-4346
(703) 391-2000

The deposition will take place at 11 a.m. on August 10, 2006 at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, located at 1601 K Street, N.W. Washington, DC 20006. The deposition will take place before a notary public or other officer authorized to administer oaths. The deposition will be recorded by stenographic means. The attached Subpoena Duces Tecum lists the documents to be produced at this deposition.

You are invited to attend and cross-examine.

DATED: July 24, 2006           **EDWARDS ANGELL PALMER & DODGE, LLP**

                           /s/ *Joseph B. Cicero*
John L. Reed (I.D. No. 3023)
Denise Seastone Kraft (I.D. No. 2778)
Joseph B. Cicero (I.D. No. 4388)
919 N. Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263 (fax)
jreed@eapdlaw.com
dkraft@eapdlaw.com
jcicero@eapdlaw.com

- and -

Gerald A. Novack (*pro hac vice*)
**KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP**
599 Lexington Avenue
New York, New York 10022
212.536.3918 (Phone)
212.536.3901 (Fax)

*Attorneys for Defendant
Fixed Income Discount Advisory Company*

ISSUED BY THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNDERHILL INVESTMENT
CORPORATION and STEPHEN D.
PESKOFF,

      Plaintiffs,

  -against-

FIXED INCOME DISCOUNT ADVISORY
COMPANY,

      Defendant.

---

Civil Action No. 06-99-SLR
(District of Delaware)

**SUBPOENA AD TESTIFICANDUM AND DUCES TECUM**

TO: Charles P. Cocke, CPA
   1800 Robert Fulton Drive
   Reston, Virginia 20191-4346
   (703) 391-2000

YOU ARE HEREBY COMMANDED, all business and excuses being laid aside, to appear and testify before a Notary Public of the District of Columbia or other person so qualified to act, at the offices of Kirkpatrick & Lockhart Nicholson Graham LLP, located at 1601 K Street, N.W. Washington, DC 20006, on August 10, 2006 at 11 a.m., and/or at any recessed or adjourned date, in the captioned action now pending in the United States District Court, District of Delaware. The testimony will be recorded by a notary public or other officer authorized to administer oaths.

YOU ARE FURTHER COMMANDED to produce for examination at such time and place any and all documents set forth in Schedule A annexed hereto, under your possession, custody or control, in accordance with the Definitions and Instructions contained in Schedule B.

NY-452111 v1

This subpoena is subject to Rules 45(c)-(d) of the Federal Rules of Civil Procedure, as set forth below:

(c) Protection of Persons Subject to Subpoenas.

> (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
>
> (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
>> (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
>
> (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>> (i) fails to allow reasonable time for compliance;
>> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
>> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>> (iv) subjects a person to undue burden.
>> (B) If a subpoena
>>> (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) Duties in Responding to Subpoena.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

The testimony and documents sought by Fixed Income Discount Advisory Company are relevant and material to the claims and defenses of the parties to this action.

Failure to comply with this subpoena is punishable as a contempt of Court.

Dated: July 19, 2006

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP

_____
Gerald A. Novack
599 Lexington Avenue
New York, New York 10022
212.536.3918
212.536.3901 (Fax)

John L. Reed (I.D. No. 3023)
**EDWARDS ANGELL**
  **PALMER & DODGE LLP**
919 North Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770 (Phone)
302.777.7263 (Fax)
jreed@eapdlaw.com

## PROOF OF SERVICE

| | | |
|---|---|---|
| **SERVED** | DATE  7/24/06 | PLACE  1800 Robert Fulton Drive, Reston, Virginia 20191-4346 |
| **SERVED ON (PRINT NAME)**  Chandler P Cocke | | **MANNER OF SERVICE**  Hand delivered |
| **SERVED BY (PRINT NAME)**  Sherwyn Jevonish-Prince | | **TITLE**  Court Clerk |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _7/24/06_
DATE

_Sherwyn Jevonish_
SIGNATURE OF SERVER

_1601 K. N.W Washington D.C_
ADDRESS OF SERVER

## **SCHEDULE A**

### **DOCUMENTS REQUESTED**

1. All documents referring or relating to Underhill's dissolution, including, without limitation, any assumption agreements, written receipts from Underhill's shareholders acknowledging receipt of Underhill's assets, informational returns showing what assets Underhill distributed to each shareholder, and any other documents related to the distribution of Underhill's assets or Underhill's dissolution.

2. All documents constituting, referring to, or relating to any communications, oral or written, that You had with Peskoff, or anyone representing Peskoff or Underhill, concerning Underhill's dissolution or distribution of its assets.

3. All documents showing, referring to, or relating to Peskoff as a successor in interest to Underhill.

4. All documents constituting, referring to, or relating to any communications, oral or written, that You had with anyone concerning any alleged claims that Peskoff or Underhill may have had against FIDAC.

5. All documents constituting, referring to, or relating to any activities conducted as part of winding up Underhill's affairs, as prescribed in OHIO REV. CODE § 1701.88.

6. All of Underhill's federal and state tax returns that report revenues received from FIDAC.

7. All documents constituting the final state and federal tax returns of Underhill.

8. Any documents reflecting or referring to amounts received from, or allegedly owed by, FIDAC, including, without limitation, accounting and financial statements

such as balance sheets, tax returns, ledgers, statements of assets and liabilities, and statements of income.

    9.  All documents referring or relating to any assets of Underhill that existed as of August 2004 and thereafter.

## SCHEDULE B

## DEFINITIONS

1. "Communication" means the transmittal or receipt of information by any means, including, without limitation, all inquiries, discussions, conversations, presentations, negotiations, agreements, understandings, meetings, telephone conversations, e-mails, letters, notes, telegrams, advertisements, correspondence, memoranda or other forms of verbal, written or electronic intercourse, including drafts, facsimiles and copies, as well as originals.

2. "Document" means any and all documents and tangible things, including, without limitation, all original, non-original, non-conforming and non-identical copies, whether by reason of subsequent modification, notation, deletion or otherwise. This definition includes, without limitation, all written, typed, printed, electronic, recorded or graphic statements, communications or other matter, in any medium, however produced or reproduced, and all attachments and appendices thereto, including, without limitation, all agreements, balance sheets, account statements, tax returns, corporate records, check registers, check stubs, checks, communications, computer printouts, computer programs, consultant reports, contracts, corporate minutes, minute books, e-mails, financial statements, income statements, journals, ledgers, motions and supporting memoranda, receipts, reports, statements, statements of account, statements of assets and liabilities, tangible things, facsimilies, telegrams, telephone bills, telephone logs, appointment calendars, diaries, letters, account books, writings, and information stored or contained in any computer or any kind of magnetic or other media (including, without limitation, tape or disk recordings, videotapes, films, floppy disks, CD-roms, DVDs, optical disks, and computer hard drives). The term "document' has

the broadest meaning possible consistent with the terms of applicable rules of the United States District Court for the District of Delaware.

3. "Person" or "persons" shall be construed to be plural as well as singular and mean, without limitation, natural persons and individuals; sole proprietorships; general and limited partnerships; profit and non-profit corporations; unincorporated associations; other business entities; and governments, agents, employees or instrumentalities of governmental or legal entities.

4. "You" or "Your" means Charles P. Cocke and anyone representing him.

5. "Employee" or "employees" includes both current and former employees.

6. The terms "and" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive.

7. "Any" includes the word "all," and "all" includes the word "any."

8. The singular includes the plural and the plural includes the singular.

9. "Including" shall be construed as broadly as possible and shall mean "without limitation."

10. "FIDAC" means Fixed Income Discount Advisory Company and any of its representatives, including its agents, assigns, affiliates, attorneys, employees, or parent corporation.

11. "Peskoff" means Plaintiff Stephen D. Peskoff named in the caption of this action and any of his agents, attorneys, employees, and other representatives.

12. "Underhill" means Plaintiff Underhill Investment Corporation named in the caption of this action and its representatives, including, without limitation, its corporate

assignees, agents, attorneys, trustees, directors, officers, employees, predecessors in interest, successors in interest, subsidiaries, affiliates, and divisions.

## INSTRUCTIONS

1. A request for a document shall be deemed a request for any non-identical copies or drafts of such documents, as well as all transmittal sheets, cover letters, exhibits, enclosures, appendices or attachments to the document, in addition to the document itself.

2. The documents responsive to each request shall be produced either (a) as they are kept in the usual course of business or (b) organized and labeled to correspond with each numbered paragraph of the request(s) to which they are responsive.

3. If it is not possible to produce any document called for by the request, or if You object to any individual request, in whole or in part, the reasons for the failure to produce the document or the objection should be stated specifically as to all grounds.

4. If a document responsive to any request is not in Your possession, custody or control, You are requested to state what disposition was made of the document and the date of such disposition, and identify all persons having knowledge of the document's contents.

5. These requests apply to any documents that are within Your possession, custody or control, or the possession, custody or control of present and former officers, directors, agents, employees, parent corporations, corporate affiliates, divisions, subgroups, subsidiaries, predecessors-in-interest, successors-in-interest, assigns, attorneys, legal representatives, trustees, consultants and all other persons acting on behalf of the aforementioned or You, and all other documents that are otherwise within Your control.

6. If a document responsive to any request has been destroyed, You are requested to set forth that document's author, addressor, addressee, recipients of indicated or

"blind" copies, date, subject matter, number of pages, attachments, appendices, the date of such destruction and the name of the person(s) who destroyed the document and/or ordered or authorized such destruction.

      7.     If You object to any of the requests herein, whether in whole or in part, on the grounds that information sought therein is subject to a claim of attorney-client privilege, work-product immunity or any other privilege or immunity, You shall produce as much of the document concerned as to which no claim of privilege or immunity is made. With respect to documents or portions of documents for which a claim of privilege or immunity is made, state all of the following:

      (a)     The type and nature of the document or communication;

      (b)     The date of the document;

      (c)     The person(s) in receipt of the document or the person(s) present during the communication;

      (d)     The person(s) who authored or created the document or the person(s) who made the communication;

      (e)     The person(s) to whom such document or communication was made;

      (f)     The general subject matter of the document or communication in a manner sufficient to support the privilege or immunity claimed;

      (g)     The nature of the privilege or immunity asserted and/or the specific reason why the document is not being produced; and

      (h)     The same information referenced in (a) – (g) above for each enclosure to each listed document if the enclosure is also withheld from production.

8. This request is continuing and requires further and supplemental production by You as and whenever You acquire or make additional documents between the time of initial production hereunder and the time of final judgment in the action.

9. Unless otherwise indicated, the time period covered by these Requests shall be January 1, 1999 through the present.

## CERTIFICATE OF SERVICE

  I, Joseph B. Cicero, hereby certify that on July 24, 2006, the attached **NOTICE OF SERVICE OF SUBPOENA** was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

  Joseph Grey, Esq.
  Stevens & Lee, P.C.
  1105 North Market Street, 7th Floor
  Wilmington, DE 19801

              /s/ Joseph B. Cicero
              Joseph B. Cicero