**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNDERHILL INVESTMENT CORPORATION, | : | |
| *by and through Stephen D. Peskoff as successor in* | : | |
| *interest*, and STEPHEN D. PESKOFF, *individually*, | : | |
| | : | |
| Plaintiffs | : | Civil Action No. 06-0099-SLR |
| | : | |
| v. | : | |
| | : | (Chief Judge Robinson) |
| FIXED INCOME DISCOUNT ADVISORY | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF DEPOSITION**

To:     All Counsel of Record

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of the representative(s) of Defendant Fixed Income Discount Advisory Company ("FIDAC") at the offices of Stevens & Lee, P.C., 1818 Market Street, 29th Floor, Philadelphia, Pennsylvania 19103 starting at 9:00 a.m. on December 14, 2006.  In accordance with Rule 30(b)(6), FIDAC shall designate a representative or representatives knowledgeable about the subject matters contained in Exhibit "A" attached hereto.

1

The deposition will be taken before a notary public or other officer authorized to administer oaths and will continue from day to day thereafter until completed.  You are invited to attend and cross examine the deponent(s).

Dated:  December 8, 2006                    STEVENS & LEE, P.C.


                                   By: _/s/ Joseph Grey_____
                                        Joseph Grey  (BAR ID No. 2358)
                                        G. Thompson Bell, III, *pro hac vice*
                                        Pa. Attorney I.D. No. 32649
                                        1105 North Market Street
                                        Seventh Floor
                                        Wilmington, DE 19801
                                        TEL: (302) 654-5180
                                        FAX: (302) 654-5181
                                        EMAIL: jg@stevenslee.com
                                        gtb@stevenslee.com

                                        OF COUNSEL:

                                        RUBEN & ARONSON, LLP
                                        Robert L. Ruben, *pro hac vice*
                                        D.C. Attorney I.D. No. 414580
                                        Marshall F. Berman, *pro hac vice*
                                        D.C. Attorney I.D. No. 020743
                                        4800 Montgomery Lane, Suite 150
                                        Bethesda, MD 20814
                                        TEL: (301) 951-9696
                                        FAX: (301) 951-9636
                                        EMAIL: rruben@randalaw.com
                                        mberman@randalaw.com

                                        *Attorneys for Plaintiffs*
                                        *Underhill Investment Corp. and Stephen D. Peskoff*

2

## EXHIBIT "A"

**Definition:**   The terms used herein should be construed consistent with the definitions and rules of construction set forth in Plaintiffs' First Requests for Production of Documents directed to FIDAC dated August 8, 2006 except "FBR REIT," as used herein, means the real estate investment trust referred to in paragraph 28 of the Amended Complaint; "Premier," as used herein, means the investment vehicle developed by FIDAC and Gen Advisors and described in paragraph 31 of the Amended Complaint; and "MBS Trusts," as used herein, means the trusts developed by FIDAC and Sentry Select and described in paragraph 38 of the Amended Complaint.

1.   A description of the general business activities of FIDAC from 2000 to the present (*i.e.*, the nature and extent of its business) including, without limitation, the utilization of consultants to help locate and/or develop new business opportunities.

2.   FIDAC's corporate history and structure including, without limitation, any acquisitions, mergers or other corporate restructuring and the identity of personnel with decision-making or supervisory responsibilities regarding FIDAC's relationship with Plaintiffs or other individuals or entities with consulting and/or finder's fee agreements or similar informal relationships with FIDAC.

3.   The facts relied on in FIDAC's Answers to the Complaint and Amended Complaint including any affirmative defenses asserted including, without limitation, the defense of accord and satisfaction.

4.   FIDAC's responses to Plaintiffs' requests for production of documents including both FIDAC's written responses and objections and the substance of the documents produced by FIDAC.

5.  FIDAC's document retention policies and actual retention of documents from 2000 to the present.

6.  The dates, amounts and basis of the fees received by FIDAC in connection with the FBR REIT, the MBS Trusts, or Premier.

7.  The dates, amounts and basis of the fees received by FIDAC in connection with any other investment vehicle(s) created or managed by FIDAC based in whole or part on introductions to FIDAC made by Underhill or Peskoff.

8.  The negotiation, drafting, reviewing and substance of any agreements between FIDAC and Underhill or Peskoff including, but not limited to, the agreement attached to the Amended Complaint as Exhibit "A" and any "Accounts Agreements" referred to in paragraph 2 of that agreement.

9.  The dates, amounts, method of calculation and purpose of any payments made by FIDAC to Underhill or Peskoff including, without limitation, payments made in connection with the FBR REIT, the MBS Trusts or Premier.

10.  All communications, negotiations and agreements between FIDAC and FBR, Sentry Select, or Gen Advisors regarding the development or management of investment products from 2000 through the present.

11.  Any costs incurred by FIDAC in connection with the development of funds in connection with Ernie Baptista and Gen Advisors.

12.  Any offers by Plaintiffs to share in the costs described in paragraph 11 above.

13.  All communications between FIDAC and any other person or entity regarding compensating Plaintiffs for introducing FBR, Sentry Select or Gen Advisors to

2

FIDAC or facilitating the relationship between FIDAC and FBR, Sentry Select or Gen Advisors.

14.  The circumstances surrounding the $30,000 check delivered by FIDAC to Plaintiffs in or about December 2003 including, without limitation, (1) any communications between FIDAC and any person (including internal communications) regarding the $30,000 check, (2) the method used to calculate the amount of the payment and (3) the identity of all persons involved in the decision to make the payment.

15.  FIDAC's policies, practices and customs regarding the use of consultants to locate or develop new business opportunities including, without limitation, the use of consulting or finder's fee agreements and the terms of payment to the consultants under such agreements.

16.  Industry custom in the money management industry regarding the payment of consultants to locate or develop new business opportunities.

17.  All communications between FIDAC and Underhill or Peskoff including, without limitation, any written correspondence (including electronic correspondence) and any communications at the various meetings involving FIDAC and Plaintiffs as referred to in the documents produced by Plaintiffs or otherwise.

SL1 684313v1/100409.00001

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph Grey, hereby certify that on this 8th day of December, 2006, a true and correct copy of the foregoing Notice of Deposition was served on counsel for the Defendant via the Court's CM/ECF filing system.

 _/s/ Joseph Grey_
Joseph Grey