IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
UNDERHILL INVESTMENT :
CORPORATION, *by and through Stephen D.* :
*Peskoff as successor in interest,* and STEPHEN :
D. PESKOFF, *individually,* :
:
                          Plaintiffs, :   Civil Action No. 06-99-SLR
:
                v. :
:
FIXED INCOME DISCOUNT ADVISORY :
COMPANY, :
:
                          Defendant. :
:
------------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

      The Court hereby directs, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions of the Confidentiality Stipulation and Protective Order ("Order") shall govern the handling of confidential information and documents in this action:

      1.     Definitions. For purposes of this Order:

      (a)    "Confidential Information" means documents or information that the Designating Party in good faith considers to contain or constitute trade secrets, know-how, proprietary data and/or other confidential commercial research, development, financial or personal information. It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth in this Order, of the documents and information to be covered by this Order. The duty of any party or person to maintain the confidentiality shall commence with such notice.

(b) "Designating Party" and "Producing Party" mean a party, and its legal counsel ("Counsel"), who is producing documents or information that it deems to be Confidential Information.

(c) "Receiving Party" means any party, and its Counsel, that receives Confidential Information supplied by the Designating Party.

(d) "Party-Representative" includes any inside Counsel, officer, director, trustee or current employee of a party.

(e) "Document" or "documents" include writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into reasonably usable form, as set forth in Rule 34(a) of the Federal Rules of Civil Procedure. This term also includes electronically stored data.

2. Documents and any other materials produced in the course of discovery in this action (either formally or informally) that the Producing Party deems to contain Confidential Information, may be designated as Confidential Information by the Producing Party. The documents, discovery materials or portions of those documents or materials that are deemed confidential and that are copied and delivered to the Receiving Party or its Counsel shall be marked or stamped "CONFIDENTIAL," "Confidential," or with a substantially similar legend. The Producing Party shall designate the document or other discovery material as confidential at the time of its production and/or inspection by the Receiving Party. The Producing Party's failure to do so, however, does not waive its right to designate that document, discovery material, or any portion of that document or material, as confidential.

3. No Confidential Information shall be disclosed to, or used by, any person other than: (i) a party to this action, including its Party-Representatives; (ii) a party's Counsel and any employees or personnel employed or engaged by Counsel to aid in the litigation of this action; (iii) persons who are not employed by a party, but who have been requested by a party's Counsel to furnish technical, consulting or expert services or to give testimony with respect to the subject matter of this action; (iv) the Court, including necessary administrative, secretarial and law clerk personnel, and court reporters; (v) any person who prepared or originated the document or information, who is indicated on its face as a recipient thereof, or who otherwise lawfully received a copy; and (vi) anyone who is neither a party nor a Party-Representative whom Counsel reasonably believes may be a witness at the trial or a deposition.

(a) Before sharing Confidential Information with any individual specified in paragraph 3, Counsel must advise that individual of the existence and scope of this Order and his/her obligation to abide by its terms.

(b) Before sharing Confidential Information with a person who falls within the scope of paragraph 3(iii), Counsel must obtain from that person an executed copy of the Confidentiality Agreement attached to this Order as Exhibit A ("Confidentiality Agreement"). By signing a Confidentiality Agreement, a person accepts and acknowledges his/her familiarity with the terms of this Order. Counsel for a party must retain copies of executed Confidentiality Agreements that it obtains in accordance with this paragraph. The Confidentiality Agreements, and the identity of those who executed the Confidentiality Agreements, shall be disclosed to opposing Counsel in the event a question, in good faith, arises regarding the improper disclosure of Confidential Information under this Order.

4. No person or party shall disclose any Confidential Information to anyone not specified in paragraph 3 of this Order without prior written consent of the Designating Party or further order of this Court.

5. Material marked or otherwise designated as Confidential Information shall be treated in accordance with, and subject to, all provisions of this Order.

6. Confidentiality of Depositions:

(a) Information, including testimony and exhibits, disclosed at any deposition in this lawsuit may be designated as Confidential Information by indicating on the record at the deposition that the testimony and/or exhibit is subject to the provisions of this Order.

(b) A party may also designate Confidential Information disclosed at a deposition by notifying the other parties of the specific pages and lines of the transcript that should be treated as Confidential Information. Such notification shall be made orally during the course of the deposition, or in writing within the later of thirty (30) days after receipt of the official transcript of the deposition or thirty (30) days from the issuance of this Order by the Court. Each transcript of a deposition taken of any party, its present or former officers, directors, employees, or agents, or of experts retained by Counsel for any party for purposes of this litigation, shall be treated as Confidential Information for a period of thirty (30) days after receipt of the official transcript.

(c) Notwithstanding anything to the contrary in this Order, any deponent may review the transcript of his own deposition at any time.

7. If a party inadvertently produces any Confidential Information without labeling, marking or otherwise designating it as such in accordance with the provisions of this

Order, the Producing Party may promptly give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Order. Upon receipt of such written notice, the Receiving Party shall treat information contained in such documents and things, and any summaries or notes thereof, as Confidential Information in accordance with the provisions of this Order. Within ten (10) days of such written notice, the Producing Party shall provide properly marked documents. Upon receipt of properly marked documents, the Receiving Party shall return or destroy any unmarked documents and things to the extent practicable, and shall not retain any copies of them.

8.  All correspondence, legal memoranda, motion papers, pleadings, and other written materials that quote or refer to the substance of any Confidential Information shall also be treated as confidential in accordance with the provisions of this Order. Moreover, the cover or first page of such documents shall be marked Confidential in accordance with paragraph 2 of this Order, unless the Court directs otherwise.

9.  Unless prohibited by a Rule or Order of Court, all deposition transcripts and exhibits, written discovery requests and responses thereto, legal memoranda, motion papers, or other written materials or things submitted to the Court that contain, quote, or refer to Confidential Information, shall not be filed with the Court electronically. Instead, the party seeking to submit to the Court written materials or things that contain, quote, or refer to Confidential Information shall move the Court for permission to file documents under seal. Such materials shall be filed with the Court in a sealed envelope, or other appropriate sealed container, that shall be endorsed with: (i) the title of this action, (ii) an indication of the nature of the

contents of the sealed envelope or container, and (iii) a statement substantially in the following form:

> **CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER FILED UNDER SEAL. This envelope (or container) that is filed in this action by (name of party and, if applicable, the name of deponent) is not to be opened or have its contents displayed, copied, or revealed except by Court Order or by agreement of the parties.**

10. The parties will use reasonable care to avoid designating as Confidential any documents or information that do not fall within the definition set forth in paragraph 1(a) of this Order. The acceptance of materials or information designated as Confidential Information by a Receiving Party shall neither constitute an admission or concession, nor permit an inference that the material or information designated as Confidential Information is confidential. A party shall not be obligated to challenge a designation of Confidential Information at the time the designation is made. Thus, a failure to make such a challenge shall not preclude a subsequent challenge to the designation. In the event of a dispute with respect to the designation of any discovery material as Confidential Information, Counsel shall attempt to resolve their dispute on an informal basis before presenting the matter to the Court for resolution. If a resolution cannot be reached, the party challenging the confidential designation shall provide a written notice to the Producing Party: (i) identifying with particularity the challenged Confidential Information, and (ii) stating its reasons for challenging the designation. Within fifteen (15) days after service of the written notice, the Receiving Party shall move the Court for a determination as to whether the material or information is confidential and request an order to remove its designated status. Until such time as the challenge is resolved, such Confidential Information shall be maintained in accordance with this Order.

11. Documents and things designated as containing Confidential Information, and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this action, except as reasonably necessary to provide access to persons authorized under the provisions of this Order, or to facilitate discovery with the assistance of independent litigation support personnel.

12. Within sixty (60) days after final termination of this action, including all appeals, each party shall assemble all documents and things furnished and designated by any other party as containing Confidential Information and all copies of such materials, including information stored in readily accessible computer databases or other readily accessible electronic format, and shall either destroy or disable access to all such materials or return them to the Producing Party with such election to be made by the Receiving Party. The attorneys of record for each party shall be entitled to retain copies of all pleadings, motion papers, discovery responses, depositions and trial transcripts, exhibits, legal memoranda, correspondence, attorney work product, and any other documents related to this litigation, provided the attorney and his employees shall not disclose such information, except pursuant to a written agreement with the Designating Party or as compelled by law.

13. This Order is without prejudice to the right of any party to seek modification by the Court of any of the terms of this Order, or to present to the Court any matter which is the subject of this Order.

14. The terms of this Order shall survive the final termination of this lawsuit and the Court shall retain jurisdiction to enforce this Order and any disputes arising hereunder. The parties agree that this Court may redress a violation of this Order through a variety of means including, but not limited to, the imposition of sanctions, the entry of an injunction, or holding a

party liable for damages. Consistent with paragraph 22 below, prior to the Court's approval of this Order, the parties may seek redress of any violation of the terms of this Order through any court of competent jurisdiction.

15. A determination that information designated as confidential is otherwise available to the public shall not be made unilaterally by any Receiving Party. Instead, a challenge to the propriety of a designation of Confidential Information shall be made in accordance with paragraph 10. Until a challenge is resolved in accordance with paragraph 10, the challenged information shall be treated as Confidential Information under the terms of this Order.

16. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this Order shall apply to that third party discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Order as held by the parties to this action with one exception: nothing in this Order permits the disclosure of a party's Confidential Information to a third party or Counsel for a third party, except in accordance with the terms of this Order.

17. If any Receiving Party is served with a document request, subpoena, court order or other legal process seeking any Confidential Information provided by a Producing Party, then the Receiving Party shall provide prompt written notice to the Producing Party. In addition, the Receiving Party shall set forth the existence of this Order as an initial objection to production of the requested Confidential Information and shall not produce the requested materials until at least the fifth (5th) business day after having given notice to the Producing Party. Once timely notice has been provided to the Producing Party, no Receiving Party is required to challenge or

appeal any demand for production of Confidential Information or to subject itself to any penalties for non-compliance with any legal process, order or demand. Under these circumstances, each of the parties to this action expressly waives any objection or opposition to intervention or motion of a Producing Party in any proceeding for the purpose of asserting the confidentiality of the information sought or any applicable privilege against disclosure of the information.

18. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including privilege, relevance, or materiality. Furthermore, nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility at trial of any evidentiary material.

19. This Order may be amended by the agreement of Counsel for the parties, subject to approval of this Court, provided it is in the form of a stipulation that shall be filed with the Clerk and made part of the record in this action.

20. This Order shall be without prejudice to the right of any party to apply to the Court for another protective order under the provisions of this Court's local rules, the Federal Rules of Civil Procedure, or as justice may require.

21. All Confidential Information disclosed by any party in this action, whether pursuant to an order of this Court or a request from a party, shall not be used by any recipient for any purpose other than for the prosecution or defense of the claims in this action or an appeal of this action.

22. The parties agree to submit this Order to the Court to be "So Ordered" and further agree, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, that prior to approval by the Court, this Order shall be deemed to be a binding agreement between them, and effective in all respects as if approved.

APPROVED AS TO FORM:

Dated: December 13, 2006

**STEVENS & LEE, P.C.**

By: _____
Joseph Grey (I.D. No. 2358)
1105 North Market Street
Seventh Floor
Wilmington, DE 19801
302.654.5180
302.654.5181 (Fax)
jg@stevenslee.com
*Counsel for Underhill Investment Corporation and Stephen D. Peskoff*

**EDWARDS ANGELL PALMER & DODGE LLP**

By: _____
John L. Reed (I.D. No. 3023)
919 North Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770 (Phone)
302.777.7263 (Fax)
jreed@eapdlaw.com
*Counsel for Fixed Income Discount Advisory Company*

**OF COUNSEL:**
Gerald A. Novack (*pro hac vice*)
Sarah P. Kenney (*pro hac vice*)
**KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP**
599 Lexington Avenue
New York, New York 10022
212.536.3900
212.536.3901 (Fax)

**So ordered this ____ day of December, 2006.**

_____
**Sue L. Robinson
Chief United States District Court Judge**

# Exhibit A

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
: 
UNDERHILL INVESTMENT :
CORPORATION, *by and through Stephen D.* :
*Peskoff as successor in interest*, and STEPHEN :
D. PESKOFF, *individually*, :
                 Plaintiffs, : Civil Action No. 06-99-SLR
: 
        v. :
: 
FIXED INCOME DISCOUNT ADVISORY :
COMPANY, :
                 Defendant. :
---------------------------------------------------------x

## CONFIDENTIALITY AGREEMENT

      I hereby certify that I have received a copy of and read the Confidentiality Stipulation and Protective Order ("Order") regarding the confidentiality of documents and information entered by the Court in the above-captioned case. I further certify that I fully understand the terms of that Order.

      I agree to be bound by and to comply with the terms of that Order. I agree that any documents I receive that are subject to that Order shall not be used for any purpose other than in connection with the prosecution or defense of this action. I further agree that such documents shall not be disclosed or revealed by me to any person except in compliance with the Order.

      I hereby consent to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any proceedings relating to the enforcement of that Order.

Executed this _____ day of _____, 2006 at _____.

_____
Signature

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

- 11 -

# CERTIFICATE OF SERVICE

I, Joseph B. Cicero, hereby certify that on December 15, 2006, the attached **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

> Joseph Grey, Esq.
> Stevens & Lee, P.C.
> 1105 North Market Street, 7th Floor
> Wilmington, DE 19801

**EDWARDS ANGELL PALMER & DODGE LLP**

 */s/ John L. Reed*
John L. Reed (I.D. 3023)
919 N. Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263
jreed@eapdlaw.com