IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNDERHILL INVESTMENT CORPORATION** *by and through Stephen D. Peskoff as successor in interest*, and STEPHEN D. PESKOFF, *individually*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**FIXED INCOME DISCOUNT ADVISORY COMPANY**,<br><br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  C.A. No. 06-99-SLR<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER TO AMENDED COMPLAINT

Defendant Fixed Income Discount Advisory Company ("FIDAC"), by its attorneys Kirkpatrick & Lockhart Nicholson Graham LLP and Edwards Angell Palmer & Dodge LLP, responds to the Amended Complaint of Underhill Investment Corporation ("Underhill") and Stephen D. Peskoff ("Peskoff"), dated December 30, 2006 and filed on December 6, 2006, as follows:

　　　　1.　　Denies the allegations in paragraph 1, except admits that, for the purpose of avoiding unnecessary motion practice, FIDAC consented to plaintiffs filing an Amended Complaint. FIDAC respectfully refers the Court to the Amended Complaint for a description of the nature of this action and the relief sought.

　　　　2.　　Denies the allegations in paragraph 2, except admits that Underhill was previously a corporation existing under the laws of the State of Ohio, Peskoff is a citizen of Virginia, FIDAC is a Delaware corporation with offices in New York, and the amount in controversy exceeds $75,000.

3. Admits that FIDAC is a resident of this district.

4. Denies the allegations in paragraph 4, except admits that, prior to its dissolution, Underhill was an Ohio corporation with its principal place of business in McLean, Virginia.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, except admits that Underhill provided consulting services to FIDAC during the years 2000 through 2002.

6. Admits the allegations in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except admits that, at the time of Underhill's dissolution, Peskoff was the president, sole director, shareholder and employee of Underhill.

8. Admits the allegations in paragraph 8.

9. Denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10.

11. Admits the allegations in paragraph 11.

12. Denies the allegations in paragraph 12, except admits that FIDAC's business relates to fee-based capital management.

13. Denies the allegations in paragraph 13, except admits that FIDAC's President and Chief Executive Officer is Michael A. J. Farrell.

14. Denies the allegations in paragraph 14, except admits that Annaly Mortgage Management, Inc. purchased FIDAC in 2004, thereby making FIDAC a wholly-owned subsidiary of Annaly Mortgage Management, Inc. FIDAC also admits that Annaly Mortgage

Management, Inc. changed its name to Annaly Capital Management, Inc. ("Annaly") earlier this year, and thus FIDAC is a wholly-owned subsidiary of Annaly.

15. Admits the allegations in paragraph 15, and refers to the response to paragraph 14 above.

16. To the extent that the Amended Complaint purports to state the contents of filings with the Securities and Exchange Commission, the Court is respectfully referred to those filings, which speak for themselves.

17. Denies the allegations in paragraph 17, except admits that the Letter dated February 15, 2000 (the "Letter"), which is Exhibit A to the Amended Complaint, was signed by Peskoff as President of Underhill and Michael A.J. Farrell, as Chairman of FIDAC and that the Letter did not provide a price term.

18. See response to paragraph 17 above.

19. Respectfully refers the Court to the provisions of Exhibit A to the Amended Complaint, which speaks for itself.

20. Respectfully refers the Court to the provisions of Exhibit A to the Amended Complaint, which speaks for itself.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23, except admits that Underhill introduced FIDAC to Ernest P. Baptista of Gen Advisors LLC, and Raniero Corsini of Sentry Select.

24. Denies the allegations in paragraph 24, except admits that FIDAC sent a letter dated April 20, 2004 to Underhill, and refers the Court to the document itself, which is Exhibit B to the Amended Complaint, and which speaks for itself.

25. See response to paragraph 24 above.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Denies the allegations in paragraph 28, except admits that FIDAC managed the FBR REIT for approximately 2 years.

29. Denies the allegations in paragraph 29.

30. Denies the allegations in paragraph 30, except admits that between May 2000 and May 2002, on ten occasions FIDAC paid Underhill 20% of the fees it received in connection with managing the FBR REIT.

31. Denies the allegations in paragraph 31, except admits that FIDAC and Gen Advisors LLC collaborated to create Premier, an investment vehicle for insurance companies, for which FIDAC continues to receive fees for providing asset management services.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

38. Denies the allegations in paragraph 38, except admits that (i) Peskoff introduced FIDAC to Raniero Corsini of Sentry Select in or around July 2003, (ii) Sentry Select

developed the Sentry Select FIDAC U.S. Mortgage Trust, MBS Adjustable Rate Income Fund, Sentry Select MBS Adjustable Rate Income Fund II, and the Mortgage-Backed Securities Trust (the "MBS Trusts) with the collaboration of FIDAC, and (iii) FIDAC earns revenues from these trusts.

39. Denies the allegations in paragraph 39, except admits that the MBS Trusts represent FIDAC's entry into the Canadian market for asset management services.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41, except admits that on or about December 22, 2003 FIDAC sent a check for $30,000 to Underhill that read "for Canadian deal – with Sentry Select  This is a one time finder's fee."

42. Denies the allegations in paragraph 42, except admits that the last payment made by FIDAC to Underhill was in or around December 2003, when it issued the $30,000 check referred to in paragraph 41 to Underhill.

43. Denies the allegations in paragraph 43, except admits that FIDAC has received millions of dollars in revenue from Premier, which it developed with some assistance from Gen Advisors LLC.

44. Denies the allegations in paragraph 44, except admits that FIDAC sent a letter dated April 20, 2004 to Underhill, and refers the Court to the document itself, which is Exhibit B to the Amended Complaint, and which speaks for itself.  FIDAC also admits that it has received management fees from managing Premier.

45. Respectfully refers the Court to Exhibit B to the Amended Complaint, which speaks for itself.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

## Count I

49. Repeats and realleges the answers to paragraphs 1 through 48 of the Amended Complaint as if set forth fully herein.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

55. Denies the allegations in paragraph 55.

## Count II

56. Repeats and realleges the answers to paragraphs 1 through 55 of the Amended Complaint as if set forth fully herein.

57. Denies the allegations in paragraph 57.

58. Denies the allegations in paragraph 58.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

## Count III

63. Repeats and realleges the answers to paragraphs 1 through 62 of the Amended Complaint as if set forth fully herein.

64. Denies the allegations in paragraph 64.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66, except admits that FIDAC disputes that either Underhill or Peskoff is entitled to any money from FIDAC.

67. Denies the allegations in paragraph 67, except admits that a controversy exists concerning whether FIDAC owes any money to Underhill and/or Peskoff.

### First Defense

68. The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

69. Underhill and Peskoff each lack standing and capacity to sue.

### Third Defense

70. The claims are barred by accord and satisfaction.

### Fourth Defense

71. The claims are barred by the New York Statute of Frauds, N.Y. GEN. OBLIG. LAW § 5-701(a)(10).

**WHEREFORE,** FIDAC respectfully requests judgment in its favor dismissing the Amended Complaint, together with the costs and disbursements of this action.

DATED: December 22, 2006          **EDWARDS ANGELL PALMER & DODGE, LLP**

            _/s/ Joseph B. Cicero_
John L. Reed (DE I.D. 3023)
Denise Seastone Kraft (DE I.D. 2778)
Joseph B. Cicero (DE I.D. 4388)
919 N. Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263 (fax)
jreed@eapdlaw.com
dkraft@eapdlaw.com
jcicero@eapdlaw.com

*Attorneys for Defendant*
*Fixed Income Discount Advisory Company*

**OF COUNSEL:**

Gerald A. Novack (*pro hac vice*)
Sarah P. Kenney (*pro hac vice*)
**KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP**
599 Lexington Avenue
New York, New York 10022
212.536.3918 (Phone)
212.536.3901 (Fax)

**CERTIFICATE OF SERVICE**

      I, Joseph B. Cicero, hereby certify that on December 22, 2006, the attached **ANSWER TO AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

    Joseph Grey, Esq.
    Stevens & Lee, P.C.
    1105 North Market Street, 7th Floor
    Wilmington, DE 19801

                    **EDWARDS ANGELL PALMER & DODGE LLP**

                      */s/ Joseph B. Cicero*
                      John L. Reed (I.D. 3023)
                      Joseph B. Cicero (I.D. 4388)
                      919 N. Market Street, 15th Floor
                      Wilmington, DE 19801
                      302.777.7770
                      302.777.7263
                      jreed@eapdlaw.com
                      jcicero@eapdlaw.com