**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNDERHILL INVESTMENT CORPORATION,** *by and through Stephen D. Peskoff as successor in interest* and **STEPHEN D. PESKOFF**, *individiually* <br><br> Plaintiffs, <br><br> v. <br><br> **FIXED INCOME DISCOUNT ADVISORY COMPANY**, <br><br> Defendant. | C.A. No. 06-99-SLR |

**NOTICE OF DEPOSITION**

TO:   Joseph Grey, Esq.
      Stevens & Lee, P.C.
      1105 North Market Street, 7th Floor
      Wilmington, DE  19801

     **PLEASE TAKE NOTICE** that, pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant Fixed Income Discount Advisory Company, by its undersigned attorneys, will take the deposition upon oral examination of:

> Lee E. Buchwald
> Buchwald Capital Advisors LLC
> 420 Lexington Avenue, Suite 300
> New York, New York 10170
> 212-297-6168

     The deposition will begin at 9:30 a.m. on March 21, 2007 at the offices of Kirkpatrick & Lockhart Preston Gates Ellis LLP located at 599 Lexington Avenue, New York, New York 10022.  The deposition will take place before a notary public or other officer authorized to

administer oaths.  The deposition will be recorded by stenographic means.  The attached Subpoena Ad Testificandum and Duces Tecum lists the documents to be produced on March 16, in anticipation of this deposition.

You are invited to attend and cross-examine.

DATED:  March 12, 2007	**EDWARDS ANGELL PALMER & DODGE, LLP**

				*/s/ John L. Reed*
				John L. Reed (I.D. No. 3023)
				Denise Seastone Kraft (I.D. No. 2778)
				Joseph B. Cicero (I.D. No. 4388)
				919 N. Market Street, 15th Floor
				Wilmington, DE 19801
				302.777.7770
				302.777.7263 (fax)
				jreed@eapdlaw.com
				dkraft@eapdlaw.com
				jcicero@eapdlaw.com

				- and -

				Gerald A. Novack (*pro hac vice*)
				Sarah P. Kenney (*pro hac vice*)
				**KIRKPATRICK & LOCKHART  PRESTON
				    GATES ELLIS LLP**
				599 Lexington Avenue
				New York, New York 10022
				212.536.3918 (Phone)
				212.536.3901 (Fax)

				*Attorneys for Defendant
				Fixed Income Discount Advisory Company*

# Exhibit A

Case 1:06-cv-00099-SLR    Document 41-2    Filed 03/12/2007    Page 1 of 12

ISSUED BY THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
UNDERHILL INVESTMENT
CORPORATION, *by and through Stephen D.*
*Peskoff as successor in interest*, and
STEPHEN D. PESKOFF, *individually*,

                Plaintiffs,

            v.

FIXED INCOME DISCOUNT ADVISORY
COMPANY,

                Defendant.
---------------------------------------------------------x

Civil Action No. 06-99-SLR
(District of Delaware)

**SUBPOENA AD TESTIFICANDUM AND DUCES TECUM**

TO:    Lee E. Buchwald
         Buchwald Capital Advisors LLC
         420 Lexington Avenue, Suite 300
         New York, New York 10170

YOU ARE HEREBY COMMANDED, all business and excuses being laid aside, to appear and testify before a Notary Public or other person so qualified to act, at the offices of Kirkpatrick & Lockhart Preston Gates Ellis LLP, located at 599 Lexington Avenue, New York, New York 10022, on March 21, 2007 at 9:30 a.m., and/or at any recessed or adjourned date, in the captioned action now pending in the United States District Court, District of Delaware. The testimony will be recorded by a notary public or other officer authorized to administer oaths. The deposition will be recorded by stenographic means.

YOU ARE FURTHER COMMANDED, on March 16, 2007, at the offices of Kirkpatrick & Lockhart Preston Gates Ellis LLP, located at 599 Lexington Avenue, New York, New York 10022, to produce and permit inspection and copying of any and all documents or objects set

forth in Schedule A annexed hereto, under your possession, custody or control, in accordance with the Definitions and Instructions contained in Schedule B.

This subpoena is subject to Rule 45(c)-(d) of the Federal Rules of Civil Procedure, as set forth below:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

  (d) Duties in Responding to Subpoena.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

The testimony and documents sought by Fixed Income Discount Advisory Company are relevant and material to the claims and defenses of the parties to this action.

Failure to comply with this subpoena is punishable as a contempt of Court.

Dated: March 9, 2007

                                       **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

                                       /s/ Sarah P. Kenney
                                       Sarah P. Kenney
                                       599 Lexington Avenue
                                       New York, New York 10022
                                       212.536.4880
                                       212.536.3901 (Fax)

John L. Reed (I.D. No. 3023)
**EDWARDS ANGELL PALMER & DODGE LLP**
919 North Market Street, 15th Floor
Wilmington, DE 19801 302.777.7770 (Phone)
302.777.7263 (Fax)
jreed@eapdlaw.com

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE<br>March 9, 2007 | PLACE<br>Stevens & Lee, P.C.<br>P.O. Box 679<br>111 N. Sixth Street<br>Reading, Pennsylvania 19603 |
| SERVED ON (PRINT NAME)<br>Lee E. Buchwald (c/o Todd Cook, Esq.) | | MANNER OF SERVICE<br>Via Federal Express, overnight delivery |
| SERVED BY (PRINT NAME)<br>Eugenia Frenzel | | TITLE<br>Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   **March 9, 2007**
                          DATE

SIGNATURE OF SERVER

Kirkpatrick & Lockhart Preston Gates Ellis LLP
599 Lexington Avenue
New York, New York 10022
ADDRESS OF SERVER

- 4 -

# SCHEDULE A

# DOCUMENTS REQUESTED

1. Any prior versions and/or drafts of the Expert Witness Report (and exhibits attached thereto) that were prepared in connection with this action.

2. Any documents that constitute, refer to, or relate to notes, including but not limited to calculations, that You prepared in connection with this action.

3. Any documents that constitute, refer to, or relate to communications with Plaintiffs or Plaintiffs' attorneys, including but not limited to e-mails, letters, memoranda, notes from telephone calls, and other correspondence.

4. Any documents provided to You by Plaintiffs or their attorneys, in connection with your work in this case, whether or not You relied on those documents in preparing the Expert Witness Report.

5. Any documents including, but not limited to, ADV forms that You reviewed or considered in preparation of the Expert Witness Report and that are not identified in Exhibits D or E of that Expert Witness Report.

6. Any documents that constitute, refer to, or relate to any experience or other information You have regarding any investment advisor paying a fee solely for being introduced to a business partner.

7. Any expert reports filed, and copies of any testimony given by You at the American Arbitration Association, in Nationally recognized turnaround management firm v. Trucking company.

8. Any expert reports filed in, and the transcript of the deposition of You that was taken in, AG Limited d/b/a/ The Arundel Group v. Liquid Realty Partners, LLC.

9. The engagement letter between you and Plaintiffs in this action.

10. Any invoices rendered by You or any of Your agents to Plaintiffs, or their attorneys, in connection with this action.

11. Any documents that constitute, refer to, or relate to any time records that You, or anyone else who works with or is employed by You, have kept in connection with this action.

12. Any documents that constitute, refer to, or relate to communications between You and anyone other than Plaintiffs or their attorneys regarding this action.

13. Any arbitration award or opinion of a state or federal court in which either an expert report prepared by You or Your testimony as an expert witness was mentioned by the court, arbitrator or panel.

14. All exhibits or visual aids that You intend to use or rely upon at trial in connection with the presentation of the opinions that are reflected in the Expert Witness Report.

## SCHEDULE B

## DEFINITIONS

1. "Communication" means the transmittal or receipt of information by any means, including, without limitation, all inquiries, discussions, conversations, presentations, negotiations, agreements, understandings, meetings, telephone conversations, e-mails, letters, notes, telegrams, advertisements, correspondence, memoranda or other forms of verbal, written or electronic intercourse, including drafts, facsimiles and copies, as well as originals.

2. "Document" means any and all documents and tangible things, including, without limitation, all original, non-original, non-conforming and non-identical copies, whether by reason of subsequent modification, notation, deletion or otherwise. This definition includes, without limitation, all written, typed, printed, electronic, recorded or graphic statements, communications or other matter, in any medium, however produced or reproduced, and all attachments and appendices thereto, including, without limitation, all agreements, balance sheets, account statements, tax returns, corporate records, check registers, check stubs, checks, communications, computer printouts, computer programs, consultant reports, contracts, corporate minutes, minute books, e-mails, financial statements, income statements, journals, ledgers, motions and supporting memoranda, receipts, reports, statements, statements of account, statements of assets and liabilities, tangible things, facsimilies, telegrams, telephone bills, telephone logs, appointment calendars, diaries, letters, account books, writings, and information stored or contained in any computer or any kind of magnetic or other media (including, without limitation, tape or disk recordings, videotapes, films, floppy disks, CD-roms, DVDs, optical disks, and computer hard drives). The term "document' has the broadest meaning possible

consistent with the terms of applicable rules of the United States District Court for the District of Delaware.

    3.    "Person" or "persons" shall be construed to be plural as well as singular and mean, without limitation, natural persons and individuals; sole proprietorships; general and limited partnerships; profit and non-profit corporations; unincorporated associations; other business entities; and governments, agents, employees or instrumentalities of governmental or legal entities.

    4.    "You" or "Your" means Lee E. Buchwald and any of his agents, attorneys, employees, and other representatives.

    5.    "Employee" or "employees" includes both current and former employees.

    6.    The terms "and" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive.

    7.    "Any" includes the word "all," and "all" includes the word "any."

    8.    The singular includes the plural and the plural includes the singular.

    9.    "Including" shall be construed as broadly as possible and shall mean "without limitation."

    10.    "Plaintiffs" means the plaintiffs named in the caption of this action -- Stephen D. Peskoff and Underhill Investment Corporation-- along with any of their agents, attorneys, employees, and other representatives, including, without limitation, any corporate assignees, agents, attorneys, trustees, directors, officers, employees, predecessors in interest, successors in interest, subsidiaries, affiliates, and divisions.

11. "Expert Witness Report" means the report titled "Expert Report by Lee E. Buchwald" dated February 27, 2007, that you prepared on Plaintiffs' behalf in connection with this action.

## INSTRUCTIONS

1. A request for a document shall be deemed a request for any non-identical copies or drafts of such documents, as well as all transmittal sheets, cover letters, exhibits, enclosures, appendices or attachments to the document, in addition to the document itself.

2. The documents responsive to each request shall be produced either (a) as they are kept in the usual course of business or (b) organized and labeled to correspond with each numbered paragraph of the request(s) to which they are responsive.

3. If it is not possible to produce any document called for by the request, or if You object to any individual request, in whole or in part, the reasons for the failure to produce the document or the objection should be stated specifically as to all grounds.

4. If a document responsive to any request is not in Your possession, custody or control, You are requested to state what disposition was made of the document and the date of such disposition, and identify all persons having knowledge of the document's contents.

5. These requests apply to any documents that are within Your possession, custody or control, or the possession, custody or control of present and former officers, directors, agents, employees, parent corporations, corporate affiliates, divisions, subgroups, subsidiaries, predecessors-in-interest, successors-in-interest, assigns, attorneys, legal representatives, trustees, consultants and all other persons acting on behalf of the aforementioned or You, and all other documents that are otherwise within Your control.

6.  If a document responsive to any request has been destroyed, You are requested to set forth that document's author, addressor, addressee, recipients of indicated or "blind" copies, date, subject matter, number of pages, attachments, appendices, the date of such destruction and the name of the person(s) who destroyed the document and/or ordered or authorized such destruction.

7.  If You object to any of the requests herein, whether in whole or in part, on the grounds that information sought therein is subject to a claim of attorney-client privilege, work-product immunity or any other privilege or immunity, You shall produce as much of the document concerned as to which no claim of privilege or immunity is made. With respect to documents or portions of documents for which a claim of privilege or immunity is made, state all of the following:

   (a)  The type and nature of the document or communication;

   (b)  The date of the document;

   (c)  The person(s) in receipt of the document or the person(s) present during the communication;

   (d)  The person(s) who authored or created the document or the person(s) who made the communication;

   (e)  The person(s) to whom such document or communication was made;

   (f)  The general subject matter of the document or communication in a manner sufficient to support the privilege or immunity claimed;

   (g)  The nature of the privilege or immunity asserted and/or the specific reason why the document is not being produced; and

        (h)    The same information referenced in (a) – (g) above for each enclosure to each listed document if the enclosure is also withheld from production.

**CERTIFICATE OF SERVICE**

  I, John L. Reed, hereby certify that on March 12th the attached **NOTICE OF DEPOSITION** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

  Joseph Grey, Esq.
  Stevens & Lee, P.C.
  1105 North Market Street, Seventh Floor
  Wilmington, DE 19801

DATED: March 12, 2007    **EDWARDS ANGELL PALMER & DODGE LLP**

              */s/ John L. Reed*
              John L. Reed (I.D. No. 3023)
              Denise Seastone Kraft (I.D. No. 2778)
              Joseph B. Cicero (I.D. No. 4388)
              919 N. Market Street, 15th Floor
              Wilmington, DE 19801
              302.777.7770
              302.777.7263
              jreed@eapdlaw.com
              dkraft@eapdlaw.com
              jcicero@eapdlaw.com