## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNDERHILL INVESTMENT
CORPORATION, *by and through*
*Stephen D. Peskoff as successor in*
*interest*, and STEPHEN D. PESKOFF,
*individually*,

:
:
:
:
:

     Plaintiffs

:  Civil Action No. 06-0099-SLR

   v.

:
:

FIXED INCOME DISCOUNT
ADVISORY COMPANY,

:
:
:

     Defendant.

:
:
:
:

---

## OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## TO COMPEL PAYMENT OF DISCOVERY EXPENSES

STEVENS & LEE, P.C.
Joseph Grey (DE Bar No. 2358)
G. Thompson Bell, III, *pro hac vice*
Todd J. Cook, *pro hac vice*
1105 North Market Street, Seventh Floor
Wilmington, DE 19801
TEL: (302) 654-5180
FAX: (302) 654-5181
EMAIL: jg@stevenslee.com
    gtb@stevenslee.com
    tjc@stevenslee.com

OF COUNSEL:

RUBEN & ARONSON, LLP
Robert L. Ruben, *pro hac vice*
Marshall F. Berman, *pro hac vice*
4800 Montgomery Lane, Suite 150
Bethesda, MD 20814
TEL: (301) 951-9696
FAX: (301) 951-9636
EMAIL: rruben@randalaw.com
mberman@randalaw.com

*Attorneys for Plaintiffs Underhill Investment Corp.*
*and Stephen D. Peskoff*

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................1

II.   STATEMENT OF NATURE AND STATE OF PROCEEDINGS .......................................2

III.  SUMMARY OF ARGUMENT..................................................................................2

IV.   STATEMENT OF FACTS........................................................................................3

V.    QUESTION PRESENTED ......................................................................................4

VI.   ARGUMENT .......................................................................................................5

      A.  FIDAC must pay Buchwald's expert discovery fees incurred in responding to
          FIDAC's subpoena.........................................................................................5

      B.  Requiring FIDAC to Pay the Fees and Expenses Incurred will not Cause
          Manifest Injustice.........................................................................................7

      C.  The Court Should Award Plaintiffs their Costs, including Attorneys' Fees, to
          bring the instant Motion ...............................................................................9

VII.  CONCLUSION ...................................................................................................10

i

# TABLE OF AUTHORITIES

CASES

*Collins v. Village of Woodridge,*
   197 F.R.D. 354 (N.D. Ill. 1999)....................................................................................6

*Constellation Powersource, Inc. v. Select Energy, Inc.*,
   2007 U.S. Dist. LEXIS 4583, No. 04-CV-983 (D. Conn. Jan. 23, 2007)................................7

*Fisher-Price, Inc. v. Safety 1st, Inc.*,
   217 F.R.D. 329 (D. Del. 2003) ............................................................................6, 7, 8, 9

*Fleming v. United States*,
   205 F.R.D. 188 (W.D. Va. 2000)..................................................................................6

*Garnier v. Ill. Tool Works, Inc.*,
   2006 U.S. Dist. LEXIS 22361, No. 04-CV-1825 (E.D.N.Y. Apr. 24, 2006) ...........................7

*Healy Co. v. Milwaukee Metro. Sewerage Dist.*,
   154 F.R.D. 212 (E.D. Wis. 1994) ...............................................................................6

*Hurst v. United States*,
   123 F.R.D. 319 (D.S.D. 1988) ...................................................................................6

*Knight v. Kirby Inland Marine Inc*,
   482 F.3d 347 (5th Cir. 2007) ....................................................................................6

*Miller v. Town of Milton*,
   2006 U.S. Dist. LEXIS 14244, No. 03-876-SLR (D. Del. Mar. 31, 2006) ............................10

STATUTES, RULES & REGULATIONS

28 U.S.C. § 1927.........................................................................................................5, 9

FED. R. CIV. P. 26 ................................................................................................... *passim*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNDERHILL INVESTMENT                    :
CORPORATION, *by and through Stephen*   :
*D. Peskoff as successor in interest*, and :
STEPHEN D. PESKOFF, *individually*,     :
                                        :    Civil Action No. 06-0099-SLR
            Plaintiffs                  :
                                        :
        v.                              :
                                        :
FIXED INCOME DISCOUNT                   :
ADVISORY COMPANY,                       :
                                        :
            Defendant.                  :

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL PAYMENT OF EXPERT DISCOVERY EXPENSES**

Plaintiffs Underhill Investment Corporation and Stephen D. Peskoff (collectively,

"Peskoff" or "Plaintiffs") file this memorandum of law in support of Plaintiffs' motion to compel

payment of expert discovery expenses pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)

("Rule 26(b)(4)(C)"). For the reasons discussed below, the Court should compel Defendant

Fixed Income Discount Advisory Company ("FIDAC") to remit payment for expert fees,

incurred solely as a result of FIDAC's expert discovery requests, to Plaintiffs' expert, Lee E.

Buchwald.

**I.    INTRODUCTION**

This is a case for recovery of the value of Peskoff's consulting services rendered to

FIDAC under quasi-contract theories of quantum meruit and promissory estoppel. Plaintiffs

retained Lee E. Buchwald as their valuation expert. After Plaintiffs produced Buchwald's expert

report, FIDAC served a subpoena directing Buchwald to produce numerous categories of

documents and to appear for a deposition. The Federal Rules mandate that a party seeking

1

expert discovery pay the expert the reasonable fees and expenses incurred responding to the discovery requests. Despite acknowledging its obligations under the Federal Rules and agreeing that Buchwald's standard hourly rate is reasonable, FIDAC has refused to pay the fees and expenses reasonably incurred for Buchwald to respond to FIDAC's subpoena. Instead, FIDAC has remitted payment for only a fraction of the hours worked at half of Buchwald's standard (and agreed-upon) hourly rate.

## II.    STATEMENT OF NATURE AND STATE OF PROCEEDINGS

Plaintiffs have asserted three claims based on the breakdown of Peskoff's and FIDAC's consulting relationship: quantum meruit (Count I), promissory estoppel (Count II) and declaratory judgment (Count III).  [See Docket No. 31 (Amended Complaint)].  FIDAC has answered the Amended Complaint and the pleadings are closed.  [Docket No. 36].  Discovery is closed and cross motions for summary judgment are currently pending.  Plaintiffs now move to compel FIDAC to comply with its obligation to pay expert discovery fees under Rule 26(b)(4)(C).

## III.    SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 26(b)(4)(C) requires that a party seeking expert discovery pay the expert the reasonable fees and expenses incurred responding to the discovery requests. Plaintiffs' expert, Lee Buchwald, incurred time and expenses diligently responding to an expert discovery subpoena issued by FIDAC. FIDAC's refusal to pay Buchwald's fees (despite previously acknowledging its obligation to do so), which were incurred solely in response to FIDAC's subpoena, clearly contradicts Rule 26(b)(4)(C). Buchwald's fees are reasonable and no injustice will result if FIDAC is directed to pay the fees generated solely as a

2

result of FIDAC's subpoena. Accordingly, the Court should grant Plaintiffs' motion and order

FIDAC to pay Buchwald's expert discovery fees pursuant to Rule 26(b)(4)(C).

## IV.     STATEMENT OF FACTS

In February 2007, Plaintiffs retained Lee E. Buchwald as their valuation expert and

produced Buchwald's expert report to FIDAC.  In addition to providing Buchwald's expert

opinion regarding valuation of Peskoff's services, Buchwald's report disclosed his standard

hourly rate of $450 and provided a detailed transaction history dating back to 1982.  [*See* Exhibit

"6" at A-19].  In March, FIDAC served a subpoena directing Buchwald to produce numerous

classes of documents and to appear at FIDAC's counsel's office for a deposition.  [*See* Exhibit

"1" at A-13].

After receiving the subpoena, Plaintiffs' counsel contacted FIDAC's counsel to

confirm that Plaintiffs would produce Buchwald subject to FIDAC's obligation to pay

Buchwald's reasonable fees under Rule 26(b)(4)(C).  [*See* Exhibit "6" at A-19].  During a

telephone call on March 15, 2007, lead defense counsel, Gerald A. Novack, with Buchwald's

information in hand, specifically agreed that Buchwald's standard hourly rate of $450 is

reasonable.  [*See id.*].  Furthermore, Attorney Novack acknowledged FIDAC's obligation to pay

Buchwald's fees incurred to prepare for the deposition, defining as "unreasonable" only

preparation such as Buchwald billing time spent watching a movie to relax before the deposition.

FIDAC's counsel conducted the deposition on March 21, 2007.  [Exhibit "2" at A-

13].  Thereafter, Plaintiffs' counsel forwarded two invoices to FIDAC from Buchwald detailing

Buchwald's time and expenses spent on this case solely as a result of FIDAC's subpoena.

[Exhibit "2" at A-12, -12; Exhibit "4" at A-15, -16].  Overall, Buchwald's invoices contained the

following charges: (1) 2 hours for telephone conferences with Plaintiffs' counsel regarding

3

expert discovery; (2) 8.5 hours responding to FIDAC's numerous document requests; (3) 19 hours preparing for the deposition; (4) 4 hours participating in the expert deposition; (5) 6 hours reviewing and certifying the transcript of the expert deposition; and (6) related copying, telecommunication and courier expenses. [Exhibits "2" at A-13, "4" at A-16].

Initially, FIDAC simply ignored Buchwald's invoices. [Exhibit "3" at A-14]. When Plaintiffs' counsel pressed FIDAC for payment of the fees pursuant to Rule 26(b)(4)(C), FIDAC reversed course. [Exhibit "5" at A-17, -18]. Despite previously acknowledging that Buchwald's standard hourly rate of $450 is reasonable, FIDAC suddenly declared it would pay only $225 an hour. [Exhibit "5" at A-17; Exhibit "7" at A-20]. Furthermore, FIDAC stated that it would only "compensate Mr. Buchwald for the 4 hours he spent at his deposition," but not for his time and expenses responding to FIDAC's numerous document requests, preparing for the deposition or reviewing and certifying the deposition transcript. [Exhibit "5" at A-17]. Accordingly, two months after the deposition, FIDAC issued Buchwald a check in the amount of $900. [Exhibit "7" at A-20, -21]. When asked to provide legal authority to support FIDAC's new position that FIDAC is not required to pay the agreed upon reasonable rate for Buchwald's time spent responding to FIDAC's subpoena, FIDAC was unable to provide any legal authority. [*See, e.g.*, Exhibit "8" at A-22].

## V.      QUESTION PRESENTED

WHETHER FIDAC IS REQUIRED TO PAY PLAINTIFFS' EXPERT'S FEES AND EXPENSES REASONABLY INCURRED SOLELY AS A RESULT OF FIDAC'S EXPERT DISCOVERY SUBPOENA?

SUGGESTED ANSWER: Yes.

4

# VI.    ARGUMENT

## A.    *FIDAC must pay Buchwald's expert discovery fees incurred in responding to FIDAC's subpoena*

The Federal Rules provide that "[u]nless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." FED. R. CIV. P. 26(b)(4)(C) (emphasis added). FIDAC served a subpoena requiring Plaintiffs' expert, Lee Buchwald, to respond to numerous document requests and to sit for an expert deposition.  Despite acknowledging its obligation to comply with Rule 26(b)(4)(C), FIDAC now refuses to reimburse Buchwald for any of his out of pocket expenses, any of his time responding to FIDAC's document requests, or any of his time preparing for his deposition.  Rather, FIDAC unilaterally decided it would reimburse Buchwald only for the four hours of the deposition.  For that time, moreover, FIDAC unilaterally decided it would pay only half of Buchwald's standard hourly rate – a rate FIDAC's counsel had previously acknowledged is reasonable.  FIDAC's drastic change of course and disregard of its prior acknowledgment of it obligations under Rule 26(b)(4)(C) is a bad faith litigation tactic that should not be countenanced.[1]

First, FIDAC should be required to reimburse Buchwald at his standard hourly rate of $450.  During a telephone call on March 15, 2007, defense counsel specifically agreed Buchwald's standard hourly rate is reasonable.  At the time FIDAC agreed to the rate, it had in its possession Buchwald's curriculum vitae and a detailed transaction history with which it was able to make its informed decision that Buchwald's standard hourly rate is reasonable.  Like FIDAC did previously, the Court should conclude that Buchwald's standard hourly rate is

---

[1] In addition to Buchwald's fees, the Court should order FIDAC to pay Plaintiffs' costs for filing and prosecuting this motion due to FIDAC's dilatory discovery conduct. *See* 28 U.S.C. § 1927.

5

reasonable and should apply that rate to all of Buchwald's time spent responding to FIDAC's subpoena.

Second, the time and expenses reflected on Buchwald's invoices were reasonably incurred responding to FIDAC's subpoena and are compensable under Rule 26(b)(4)(C). In *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329 (D. Del. 2003), the Court determined that the party seeking expert discovery must pay for the expert's time to both (i) prepare for his expert deposition and (ii) participate in the deposition. *See Fisher-Price,* 217 F.R.D. at 333. The *Fisher-Price* Court's determination is consistent with other federal courts that have considered the issue. *See, e.g., Knight v. Kirby Inland Marine Inc*, 482 F.3d 347, 356 (5th Cir. 2007); *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999) (finding preparation time compensable regardless of complexity); *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988) ( finding that time spent in responding to discovery under Rule 26(b)(4)(C)(i) includes a reasonable amount of time spent by an expert preparing for a deposition.); *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D. Va. 2000) (same); *Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D. Wis. 1994) (same). In fact, FIDAC's counsel previously acknowledged that deposition preparation time is compensable under Rule 26(b)(4)(C). Accordingly, FIDAC's refusal to reimburse Buchwald for any of his time preparing for the deposition appears to be a disingenuous litigation tactic.

Furthermore, although the District of Delaware apparently has not addressed the issue in a reported opinion, federal courts generally require the discovering party to reimburse the expert for his time reviewing the deposition transcript, responding to document requests, and for his discovery-related expenses, such as copying, travel and other out-of-pocket expenses. *See,*

6

*e.g., Constellation Powersource, Inc. v. Select Energy, Inc.*, 2007 U.S. Dist. LEXIS 4583, *24,

No. 04-CV-983 (D. Conn. Jan. 23, 2007) (requiring a significant payment for expert's copying

expenses); *Garnier v. Ill. Tool Works, Inc.*, 2006 U.S. Dist. LEXIS 22361, *11-13, No. 04-CV-

1825 (E.D.N.Y. Apr. 24, 2006) (finding that travel and other "out-of-pocket" expenses of the

expert are included under Rule 26(b)(4)(C)). These are the exact items for which Buchwald

seeks reimbursement under Rule 26(b)(4)(C).

   This case involves three separate complex transactions each spanning portions of the

last seven years and involving Peskoff, FIDAC and three different third-parties. Thus,

Buchwald's time reviewing the extensive factual record and other sources cited in his expert

report was undoubtedly reasonable  Yet, FIDAC has refused to reimburse Buchwald for any of

his time preparing for the deposition. Likewise, FIDAC has refused to reimburse Buchwald for

his time or expenses incurred responding to FIDAC's numerous document requests.

   Buchwald's time spent and expenses incurred responding to FIDAC's subpoena are

clearly reasonable and subject to reimbursement by FIDAC under Rule 26(b)(4)(C). As FIDAC

has only remitted a small fraction of the fees, the Court should compel FIDAC to pay the

remaining balance.

  **B.**  *Requiring FIDAC to Pay the Fees and Expenses Incurred will not*
    *Cause Manifest Injustice*

   The only situation where courts have discretion not to require the discovering party to

pay the reasonable expert discovery costs is when such an order would cause "manifest

injustice." *See* FED. R. CIV. P. 26(b)(4)(C). "Indeed, absent a finding of manifest injustice, an

award of such costs is mandatory." *Fisher-Price*, 217 F.R.D. at 332 (citing *United States v. City

of Twin Falls, Idaho*, 806 F.2d 862, 879 (9th Cir. 1986)) (emphasis added). This exception does

7

not apply. Ordering FIDAC to pay Buchwald's fees and expenses incurred solely because
FIDAC chose to take Buchwald's deposition and to propound numerous document requests will
not cause manifest injustice. Accordingly, the Court should grant Plaintiffs' motion and direct
FIDAC to reimburse Buchwald for his time and expenses incurred responding to FIDAC's
subpoena.

"Manifest injustice is a stringent standard." *Fisher-Price*, 217 F.R.D. at 330 (quotations
omitted). To determine manifest injustice, a court should weigh the "possible hardships imposed
on the respective parties . . . [and] balance the need for doing justice on the merits between the
parties . . . against the need for maintaining orderly and efficient procedural arrangements." *Id.*
at 332 (*quoting Gorlikowski v. Tolbert*, 52 F.3d 1439, 1444 (7th Cir. 1995)). In doing so, a court
should consider two factors: (1) undue hardship and (2) fairness. *See id.* In *Fisher-Price*, the
court found "[f]irst, there would be no undue hardship to Fisher-Price, a large, financially
successful multinational corporation. Second, it is routine, and only fair, that the party requesting
certain information should bear the costs associated with producing such information." *Id.*
Finally, the court concluded that compelling payment reflected the purpose of Rule 26(b)(4)(C),
"to avoid the unfairness of requiring one party to provide expensive discovery for another party's
benefit without reimbursement." *Id.* (*quoting United States v. Twin Falls*, 806 F.2d 862, 879 (9th
Cir. 1986)).

Like Fisher-Price, FIDAC is a successful and established international company.
Directing FIDAC to pay Buchwald's expert discovery costs clearly will not create undue
hardship for FIDAC.

8

On the other hand, injustice would result if Peskoff is required to pay Buchwald's fees or if Buchwald is required to render his time and services to FIDAC gratuitously. Peskoff is a sole-businessman who already sought, obtained and paid Buchwald's fees to obtain Buchwald's expert report. Peskoff did not serve the subpoena. Rather, Peskoff was prepared to go to trial on the issue of damages before calling on Buchwald once again to render his expert opinion. Thus, it would be inequitable to require Peskoff to bear the cost of discovery he never sought. *Accord Fisher-Price*, 217 F.R.D. at 329.

Buchwald is a sole-businessman who has no interest at stake in this case. Obviously, Buchwald should not be required to render his time and services to FIDAC gratuitously. Under the circumstances, fairness dictates that FIDAC, the party who served the subpoena with full knowledge that it would be required to pay Buchwald's resulting fees, reimburse Buchwald for his time and expenses. Certainly, no manifest injustice would result from the Court requiring FIDAC to compensate Buchwald for his time and expenses incurred in responding to FIDAC's expert discovery subpoena. "Moreover, . . . following the general and unambiguous rule which requires the party seeking discovery to pay the associated costs . . . comports with the goal of 'maintaining orderly and efficient procedural arrangements.'" *Id.* at 333.

C. ***The Court Should Award Plaintiffs their Costs, including Attorneys' Fees, to bring the instant Motion***

In addition to Buchwald's fees, the Court should order FIDAC to pay Plaintiffs' costs for filing and prosecuting this motion due to FIDAC's dilatory conduct. This Court has recognized that attorneys' fees shall be awarded when such litigation tactics are performed in bad faith or are baseless and unfounded. *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 334-35 (D. Del. 2003); *see also* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in

9

any court of the United States or any Territory thereof who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the excess

costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Miller v.

*Town of Milton*, 2006 U.S. Dist. LEXIS 14244, *4 n.3, No. 03-876-SLR (D. Del. Mar. 31, 2006)

(Robinson, C.J.) (warning that sanctions may be imposed for bad faith under 28 U.S.C. § 1927).

Not only is FIDAC's arbitrary change of course in bad faith, as evidenced by FIDAC failure to

provide any legal authority for its refusal to pay Buchwald's reasonable fees, FIDAC's actions

are baseless, unfounded, unreasonable and vexatious.  Accordingly, the Court should award

Plaintiffs' their costs and attorneys' fees for filing and prosecuting the instant motion.

## VII.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and issue an

order compelling FIDAC to pay Buchwald for his time and expenses reasonably incurred

responding to FIDAC's subpoena as those fees are reflected on Buchwald's invoices delivered to

FIDAC and awarding Plaintiffs' costs (including reasonable attorneys' fees) incurred in filing

and prosecuting this motion.

Dated: June 12, 2007                              STEVENS & LEE, P.C.

By: _____

Joseph Grey (DE Bar No. 2358)
G. Thompson Bell, III, *pro hac vice*
Pa. Attorney I.D. No. 32649
Todd J. Cook, *pro hac vice*
Pa. Attorney I.D. No. 89041
1105 North Market Street
Seventh Floor
Wilmington, DE 19801
TEL: (302) 654-5180
FAX: (302) 654-5181
EMAIL: jg@stevenslee.com
10

gtb@stevenslee.com
tjc@stevenslee.com

OF COUNSEL:

RUBEN & ARONSON, LLP

Robert L. Ruben, *pro hac vice*
D.C. Attorney I.D. No. 414580
Marshall F. Berman, *pro hac vice*
D.C. Attorney I.D. No. 020743
4800 Montgomery Lane, Suite 150
Bethesda, MD 20814
TEL: (301) 951-9696
FAX: (301) 951-9636
EMAIL: rruben@randalaw.com
mberman@randalaw.com

*Attorneys for Plaintiffs Underhill Investment Corp.
and Stephen D. Peskoff*

11

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that on this 12th day of June, 2007, I caused true and

correct copies of the foregoing Opening Brief In Support of Plaintiffs' Motion to Compel

Payment of Discovery Expenses to be served on counsel for the Defendant by first class United

States mail, postage prepaid and addressed as follows:

> John L. Reed, Esquire
> Denise Seastone Kraft, Esquire
> EDWARD'S ANGELL PALMER & DODGE LLP
> 919 North Market Street, 15th Floor
> Wilmington, DE 19801
>
> Gerald A. Novack, Esquire
> KIRKPATRICK & LOCKHART
> PRESTON GATES ELLIS LLP
> 599 Lexington Avenue
> New York, New York 10022

Joseph Grey