**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNDERHILL INVESTMENT CORPORATION, *by and through Stephen D. Peskoff as successor in interest*, and STEPHEN D. PESKOFF, *individually*, | : : : : : | |
| Plaintiffs | : | Civil Action No. 06-0099-SLR |
| v. | : : | |
| FIXED INCOME DISCOUNT ADVISORY COMPANY, | : : | |
| Defendant. | : : : : : : | |

**CERTIFICATE OF COUNSEL REGARDING EXHIBITS TO PLAINTIFFS' MOTION
TO COMPEL PAYMENT OF EXPERT DISCOVERY EXPENSES**

I, Todd J. Cook hereby certify as follows:

1.     I am an associate with the law firm of Stevens & Lee, P.C., counsel for the Plaintiffs in this action.  I have been admitted to practice in the United States District Court for the District of Delaware *pro hac vice* in this action.  I offer this Certificate in support of the Plaintiffs' Motion to Compel Payment of Expert Discovery Expenses, which is being filed contemporaneously herewith.

2.     Attached to this Certificate are true and correct copies of the following documents:

*[Table begins on following page.]*

| Item | Exhibit |
|------|---------|
| Subpoena to Mr. Buchwald from FIDAC dated March 9, 2007 | 1 |
| Letter from Todd J. Cook to Sarah P. Kenney dated April 13, 2007 enclosing invoice from Buchwald Capital Advisors LLC for March 2007 | 2 |
| Email correspondence from Todd J. Cook to Sarah P. Kenney dated May 7, 2007 | 3 |
| Email correspondence from Todd J. Cook to Sarah P. Kenney dated May 7, 2007 attaching invoice from Buchwald Capital Advisors LLC for April 2007 | 4 |
| Letter from Sarah P. Kenney to Todd J. Cook dated May 15, 2007 | 5 |
| Letter from Todd J. Cook to Sarah P. Kenney dated May 15, 2007 | 6 |
| Letter from Sarah P. Kenney to Todd J. Cook dated May 18, 2007 enclosing check payable to Lee Buchwald | 7 |
| Letter from Todd J. Cook to Sarah P. Kenney dated June 6, 2007 | 8 |

Todd J. Cook

SL1 727005v1/100409.00001

STEVENS & LEE, P.C.


By:   _/s/ Joseph Grey_____
Joseph Grey (DE Bar No. 2358)
G. Thompson Bell, III, *pro hac vice*
Pa. Attorney I.D. No. 32649
Todd J. Cook, *pro hac vice*
Pa. Attorney I.D. No. 89041
1105 North Market Street
Seventh Floor
Wilmington, DE 19801
TEL: (302) 654-5180
FAX: (302) 654-5181
EMAIL: jg@stevenslee.com
            gtb@stevenslee.com
            tjc@stevenslee.com

OF COUNSEL:

RUBEN & ARONSON, LLP

Robert L. Ruben, *pro hac vice*
D.C. Attorney I.D. No. 414580
Marshall F. Berman, *pro hac vice*
D.C. Attorney I.D. No. 020743
4800 Montgomery Lane, Suite 150
Bethesda, MD 20814
TEL: (301) 951-9696
FAX: (301) 951-9636
EMAIL: rruben@randalaw.com
            mberman@randalaw.com

*Attorneys for Plaintiffs Underhill Investment Corp.*
*and Stephen D. Peskoff*

**EXHIBIT "1"**

**ISSUED BY THE**

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

UNDERHILL INVESTMENT         :
CORPORATION, *by and through Stephen D.*  :
*Peskoff as successor in interest*, and    :
STEPHEN D. PESKOFF, *individually*,    :  Civil Action No. 06-99-SLR
                            :        (District of Delaware)
        Plaintiffs,      :
                            :
        v.            :  **SUBPOENA AD TESTIFICANDUM AND**
                            :  **DUCES TECUM**
                            :
FIXED INCOME DISCOUNT ADVISORY  :
COMPANY,                  :
                            :
        Defendant.     :

-----------------------------------------------------------x

TO:    Lee E. Buchwald
       Buchwald Capital Advisors LLC
       420 Lexington Avenue, Suite 300
       New York, New York 10170

      YOU ARE HEREBY COMMANDED, all business and excuses being laid aside, to

appear and testify before a Notary Public or other person so qualified to act, at the offices of

Kirkpatrick & Lockhart Preston Gates Ellis LLP, located at 599 Lexington Avenue, New York,

New York 10022, on March 21, 2007 at 9:30 a.m., and/or at any recessed or adjourned date, in

the captioned action now pending in the United States District Court, District of Delaware.  The

testimony will be recorded by a notary public or other officer authorized to administer oaths.  The

deposition will be recorded by stenographic means.

      YOU ARE FURTHER COMMANDED, on March 16, 2007, at the offices of Kirkpatrick

& Lockhart Preston Gates Ellis LLP, located at 599 Lexington Avenue, New York, New York

10022, to produce and permit inspection and copying of any and all documents or objects set

NY-511971 v1

A-1

forth in Schedule A annexed hereto, under your possession, custody or control, in accordance with the Definitions and Instructions contained in Schedule B.

This subpoena is subject to Rule 45(c)-(d) of the Federal Rules of Civil Procedure, as set forth below:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

- 2 -

A-2

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

The testimony and documents sought by Fixed Income Discount Advisory Company are relevant and material to the claims and defenses of the parties to this action.

Failure to comply with this subpoena is punishable as a contempt of Court.

Dated:  March 9, 2007

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS** LLP

Sarah P. Kenney
599 Lexington Avenue
New York, New York 10022
212.536.4880
212.536.3901 (Fax)

John L. Reed (I.D. No. 3023)
**EDWARDS ANGELL PALMER & DODGE** LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801302.777.7770 (Phone)
302.777.7263 (Fax)
jreed@eapdlaw.com

- 3 -

A-3

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | March 9, 2007 | Stevens & Lee, P.C.<br>P.O. Box 679<br>111 N. Sixth Street<br>Reading, Pennsylvania 19603 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lee E. Buchwald (c/o Todd Cook, Esq.) | Via Federal Express, overnight delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Eugenia Frenzel | Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on **March 9, 2007**
DATE

SIGNATURE OF SERVER

Kirkpatrick & Lockhart Preston Gates Ellis LLP
599 Lexington Avenue
New York, New York 10022
ADDRESS OF SERVER

A- 4

## SCHEDULE A

## DOCUMENTS REQUESTED

1.     Any prior versions and/or drafts of the Expert Witness Report (and exhibits attached thereto) that were prepared in connection with this action.

2.     Any documents that constitute, refer to, or relate to notes, including but not limited to calculations, that You prepared in connection with this action.

3.     Any documents that constitute, refer to, or relate to communications with Plaintiffs or Plaintiffs' attorneys, including but not limited to e-mails, letters, memoranda, notes from telephone calls, and other correspondence.

4.     Any documents provided to You by Plaintiffs or their attorneys, in connection with your work in this case, whether or not You relied on those documents in preparing the Expert Witness Report.

5.     Any documents including, but not limited to, ADV forms that You reviewed or considered in preparation of the Expert Witness Report and that are not identified in Exhibits D or E of that Expert Witness Report.

6.     Any documents that constitute, refer to, or relate to any experience or other information You have regarding any investment advisor paying a fee solely for being introduced to a business partner.

7.     Any expert reports filed, and copies of any testimony given by You at the American Arbitration Association, in Nationally recognized turnaround management firm v. Trucking company.

8.     Any expert reports filed in, and the transcript of the deposition of You that was taken in, AG Limited d/b/a/ The Arundel Group v. Liquid Realty Partners, LLC.

A-5

9.     The engagement letter between you and Plaintiffs in this action.

10.     Any invoices rendered by You or any of Your agents to Plaintiffs, or their attorneys, in connection with this action.

11.     Any documents that constitute, refer to, or relate to any time records that You, or anyone else who works with or is employed by You, have kept in connection with this action.

12.     Any documents that constitute, refer to, or relate to communications between You and anyone other than Plaintiffs or their attorneys regarding this action.

13.     Any arbitration award or opinion of a state or federal court in which either an expert report prepared by You or Your testimony as an expert witness was mentioned by the court, arbitrator or panel.

14.     All exhibits or visual aids that You intend to use or rely upon at trial in connection with the presentation of the opinions that are reflected in the Expert Witness Report.

A-6

## SCHEDULE B

## DEFINITIONS

1.    "Communication" means the transmittal or receipt of information by any means, including, without limitation, all inquiries, discussions, conversations, presentations, negotiations, agreements, understandings, meetings, telephone conversations, e-mails, letters, notes, telegrams, advertisements, correspondence, memoranda or other forms of verbal, written or electronic intercourse, including drafts, facsimiles and copies, as well as originals.

2.    "Document" means any and all documents and tangible things, including, without limitation, all original, non-original, non-conforming and non-identical copies, whether by reason of subsequent modification, notation, deletion or otherwise.  This definition includes, without limitation, all written, typed, printed, electronic, recorded or graphic statements, communications or other matter, in any medium, however produced or reproduced, and all attachments and appendices thereto, including, without limitation, all agreements, balance sheets, account statements, tax returns, corporate records, check registers, check stubs, checks, communications, computer printouts, computer programs, consultant reports, contracts, corporate minutes, minute books, e-mails, financial statements, income statements, journals, ledgers, motions and supporting memoranda, receipts, reports, statements, statements of account, statements of assets and liabilities, tangible things, facsimilies, telegrams, telephone bills, telephone logs, appointment calendars, diaries, letters, account books, writings, and information stored or contained in any computer or any kind of magnetic or other media (including, without limitation, tape or disk recordings, videotapes, films, floppy disks, CD-roms, DVDs, optical disks, and computer hard drives).  The term "document' has the broadest meaning possible

consistent with the terms of applicable rules of the United States District Court for the District of Delaware.

3.    "Person" or "persons" shall be construed to be plural as well as singular and mean, without limitation, natural persons and individuals; sole proprietorships; general and limited partnerships; profit and non-profit corporations; unincorporated associations; other business entities; and governments, agents, employees or instrumentalities of governmental or legal entities.

4.    "You" or "Your" means Lee E. Buchwald and any of his agents, attorneys, employees, and other representatives.

5.    "Employee" or "employees" includes both current and former employees.

6.    The terms "and" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive.

7.    "Any" includes the word "all," and "all" includes the word "any."

8.    The singular includes the plural and the plural includes the singular.

9.    "Including" shall be construed as broadly as possible and shall mean "without limitation."

10.    "Plaintiffs" means the plaintiffs named in the caption of this action -- Stephen D. Peskoff and Underhill Investment Corporation-- along with any of their agents, attorneys, employees, and other representatives, including, without limitation, any corporate assignees, agents, attorneys, trustees, directors, officers, employees, predecessors in interest, successors in interest, subsidiaries, affiliates, and divisions.

11.    "Expert Witness Report" means the report titled "Expert Report by Lee E. Buchwald" dated February 27, 2007, that you prepared on Plaintiffs' behalf in connection with this action.

## INSTRUCTIONS

1.    A request for a document shall be deemed a request for any non-identical copies or drafts of such documents, as well as all transmittal sheets, cover letters, exhibits, enclosures, appendices or attachments to the document, in addition to the document itself.

2.    The documents responsive to each request shall be produced either (a) as they are kept in the usual course of business or (b) organized and labeled to correspond with each numbered paragraph of the request(s) to which they are responsive.

3.    If it is not possible to produce any document called for by the request, or if You object to any individual request, in whole or in part, the reasons for the failure to produce the document or the objection should be stated specifically as to all grounds.

4.    If a document responsive to any request is not in Your possession, custody or control, You are requested to state what disposition was made of the document and the date of such disposition, and identify all persons having knowledge of the document's contents.

5.    These requests apply to any documents that are within Your possession, custody or control, or the possession, custody or control of present and former officers, directors, agents, employees, parent corporations, corporate affiliates, divisions, subgroups, subsidiaries, predecessors-in-interest, successors-in-interest, assigns, attorneys, legal representatives, trustees, consultants and all other persons acting on behalf of the aforementioned or You, and all other documents that are otherwise within Your control.

A-9

6.     If a document responsive to any request has been destroyed, You are requested to set forth that document's author, addressor, addressee, recipients of indicated or "blind" copies, date, subject matter, number of pages, attachments, appendices, the date of such destruction and the name of the person(s) who destroyed the document and/or ordered or authorized such destruction.

7.     If You object to any of the requests herein, whether in whole or in part, on the grounds that information sought therein is subject to a claim of attorney-client privilege, work-product immunity or any other privilege or immunity, You shall produce as much of the document concerned as to which no claim of privilege or immunity is made. With respect to documents or portions of documents for which a claim of privilege or immunity is made, state all of the following:

(a)     The type and nature of the document or communication;

(b)     The date of the document;

(c)     The person(s) in receipt of the document or the person(s) present during the communication;

(d)     The person(s) who authored or created the document or the person(s) who made the communication;

(e)     The person(s) to whom such document or communication was made;

(f)     The general subject matter of the document or communication in a manner sufficient to support the privilege or immunity claimed;

(g)     The nature of the privilege or immunity asserted and/or the specific reason why the document is not being produced; and

A-10

(h)     The same information referenced in (a) – (g) above for each enclosure to each listed document if the enclosure is also withheld from production.

A-11

**EXHIBIT "2"**

# STEVENS & LEE
## LAWYERS & CONSULTANTS

111 North 6th Street
P.O. Box 679
Reading, PA 19603-0679
(610) 478-2000  Fax (610) 376-5610
www.stevenslee.com

Direct Dial:    (610) 478-2076
Email:    tjc@stevenslee.com
Direct Fax:    (610) 371-1231

April 13, 2007

**VIA FACSIMILE AND U.S. MAIL**

Sarah P. Kenney, Esquire
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
599 Lexington Avenue
New York, New York 10022-6030

Re:    <u>Underhill Investment Corp. v. Fixed Income Discount Advisory Company</u>
        U.S. District Court, D. Del. No. 06-99-SLR

Dear Sarah:

Pursuant to Federal Rule 26(b)(4)(c) and our prior discussions, I am enclosing the invoice for Lee Buchwald's time to respond to Defendant's subpoena for documents and to prepare for and attend the deposition at your offices.  Please remit payment directly to Mr. Buchwald with a copy of any correspondence to me.

I will send a supplemental invoice for Mr. Buchwald's time for reading, signing and preparing an errata sheet (if necessary) for the deposition transcript.

Very truly yours,

STEVENS & LEE

Todd J. Cook

TJC:mbre
Encl.

Philadelphia  •  Reading  •  Valley Forge  •  Lehigh Valley  •  Harrisburg  •  Lancaster  •  Scranton
Williamsport  •  Wilkes-Barre  •  Princeton  •  Cherry Hill  •  New York  •  Wilmington

A PROFESSIONAL CORPORATION

SL1 716229v1/100409.00001

A-12

Buchwald Capital Advisors LLC

420 Lexington Avenue
Suite 300
New York, NY 10170-0399

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/1/2007 | 169 |

| Bill To |
|---------|
| Mr. Stephen D. Peskoff<br>C/O Todd J. Cook, Esq.<br>Stevens & Lee, P.C.<br>111 N. Sixth Street<br>Reading, PA 19603-0679 |

| | Project |
|---|---------|
| | FIDAC Litigation |

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 3/7/2007 | TCs T. Cook re: deposition and expected subpoena. | 0.5 | 450.00 | 225.00 |
| 3/9/2007 | Review subpoena and related correspondence and discussions re: same. | 1.5 | 450.00 | 675.00 |
| 3/12/2007 | Prepare response to subpoena. | 4.5 | 450.00 | 2,025.00 |
| 3/13/2007 | Prepare response to subpoena. | 4 | 450.00 | 1,800.00 |
| 3/15/2007 | Prepare for deposition. | 2.5 | 450.00 | 1,125.00 |
| 3/16/2007 | Prepare for deposition. | 1.5 | 450.00 | 675.00 |
| 3/18/2007 | Prepare for deposition. | 2.5 | 450.00 | 1,125.00 |
| 3/19/2007 | Prepare for deposition. | 3.5 | 450.00 | 1,575.00 |
| 3/20/2007 | Prepare for deposition. | 9 | 450.00 | 4,050.00 |
| 3/21/2007 | Preparation for and participation in deposition by FIDAC's counsel. | 4 | 450.00 | 1,800.00 |
| | Telecommunications Expenses | | | 56.14 |
| | Photocopying Expenses | | | 225.09 |
| | Courier Expenses | | 32.22 | 32.22 |

| **Total** | $15,388.45 |
|-----------|------------|

A-13

**EXHIBIT "3"**

## Cook, Todd J.

| | |
|---|---|
| **From:** | Cook, Todd J. |
| **Sent:** | Monday, May 07, 2007 3:33 PM |
| **To:** | 'Kenney, Sarah P.' |
| **Cc:** | Bell, G. Thompson; 'Robert Ruben' |
| **Subject:** | Underhill v. FIDAC - Buchwald Invoice |

Sarah,

Its going on about four weeks since I forwarded Lee Buchwald's invoice to you pursuant to Fed. R. Civ. P. 26 (b)(4)(C). It is my understanding that the invoice has not been paid yet. We think it would be reasonable for FIDAC to pay the invoice within the next ten days. Please let me know if there is some reason that will not happen. If I do not hear from you, I will assume that the invoice will be paid within ten days.

Thanks,

*Todd J. Cook*
Stevens & Lee, P.C.
P.O. Box 679
111 N. Sixth Street
Reading, Pennsylvania 19603
(610) 478-2076
Direct Fax (610) 371-1231

A-14

**EXHIBIT "4"**

## Cook, Todd J.

| | |
|---|---|
| **From:** | Cook, Todd J. |
| **Sent:** | Monday, May 07, 2007 3:58 PM |
| **To:** | 'Kenney, Sarah P.' |
| **Cc:** | Bell, G. Thompson; 'Robert Ruben' |
| **Subject:** | Underhill v. FIDAC - Buchwald Invoice: Invoice for April 2007 |

**Attachments:** SDP_BCA Invoice_050107.pdf

Sarah,

    Following-up on my email from earlier this afternoon, attached please find Lee Buchwald's invoice for work performed in April pursuant to FIDAC's discovery requests.  These fees are subject to payment by FIDAC under Rule 26(b)(4)(C).  Please arrange for FIDAC to include payment of the April invoice along with the outstanding March invoice as discussed in my email from earlier this afternoon.

Thanks,

*Todd J. Cook*
Stevens & Lee, P.C.
P.O. Box 679
111 N. Sixth Street
Reading, Pennsylvania 19603
(610) 478-2076
Direct Fax (610) 371-1231

A-15

Buchwald Capital Advisors LLC

420 Lexington Avenue
Suite 300
New York, NY 10170-0399

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/1/2007 | 171 |

| Bill To |
|---------|
| Mr. Stephen D. Peskoff<br>C/O Todd J. Cook, Esq.<br>Stevens & Lee, P.C.<br>111 N. Sixth Street<br>Reading, PA 19603-0679 |

| Project |
|---------|
| FIDAC Litigation |

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 4/13/2007 | TC T. Cook.  Review transcript. | 1 | 450.00 | 450.00 |
| 4/15/2007 | Review transcript. | 1.5 | 450.00 | 675.00 |
| 4/16/2007 | Review transcript. | 2 | 450.00 | 900.00 |
| 4/18/2007 | TC T. Cook. Review transcript, execute, notarize and dispatch by courier. | 1.5 | 450.00 | 675.00 |
|  | Telecommunications Expenses |  | 15.70 | 15.70 |

| **Total** | $2,715.70 |
|-----------|-----------|

A-16

**EXHIBIT "5"**

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
599 Lexington Avenue
New York, NY 10022-6030

T 212.536.3900    www.klgates.com

May 15, 2007

**First Class Mail and Electronic Mail**

Todd J. Cook, Esq.
Stevens & Lee, P.C.
P.O. Box 679
111 N. Sixth Street
Reading, Pennsylvania 19603

Re:  **Underhill Investment Corporation and Stephen D. Peskoff v. Fixed Income Discount Advisory Company, C.A. No. 06-99-SLR**

Dear Todd:

You recently sent two invoices for the expenses and fees of plaintiffs' expert, Lee Buchwald, to my attention. In correspondence accompanying each invoice, you directed FIDAC to pay the invoices in full. The invoices seek reimbursement for Mr. Buchwald's expenses as well as his fee for the following time he spent on this case: (1) 10 ½ hours responding to FIDAC's subpoena; (2) 19 hours preparing for his deposition; (3) 4 hours attending his deposition; and (4) 6 hours reviewing the transcript of his deposition. The requested hourly rate of compensation is $450. The fees and expenses total $18,104.15.

In a letter accompanying the first invoice, you stated that Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure (the "Federal Rules") require FIDAC to pay all of the expenses listed in Mr. Buchwald's invoices. Yet the Federal Rules merely require FIDAC to pay Mr. Buchwald a "reasonable" fee for time he spent responding to discovery so long as "manifest injustice" would not result from requiring FIDAC to pay such a fee.

FIDAC will compensate Mr. Buchwald for the 4 hours he spent at his deposition. However, FIDAC believes the requested hourly rate of $450 is unreasonable given that Mr. Buchwald, by his own admission, has no expertise with respect to the issues in this case. Therefore, the hourly rate sought by plaintiffs for Mr. Buchwald's time exceeds FIDAC's obligations under the Federal Rules. FIDAC will pay Mr. Buchwald $225 per hour for the 4 hours during which he attended his deposition. In accordance with your previous instructions, I will mail a check directly to Mr. Buchwald for that amount.

A-17

# K&L|GATES

May 15, 2007
Page 2

    With respect to the other items for which plaintiffs are seeking compensation, FIDAC believes that payment is not mandated by the Federal Rules.  Due to Mr. Buchwald's admitted lack of experience concerning the issues presented, manifest injustice would result if FIDAC were forced to pay for more than the time Mr. Buchwald spent at the deposition.

                                    Sincerely,

                                      Sarah P. Kenney

cc:    Gerald A. Novack (via electronic mail)

A-18

**EXHIBIT "6"**

# STEVENS & LEE
## LAWYERS & CONSULTANTS

111 North 6th Street
P.O. Box 679
Reading, PA 19603-0679
(610) 478-2000  Fax (610) 376-5610
www.stevenslee.com

Direct Dial:    (610) 478-2076
Email:    tjc@stevenslee.com
Direct Fax:    (610) 371-1231

May 15, 2007

**VIA FACSIMILE AND U.S. MAIL**

Sarah P. Kenney, Esquire
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
599 Lexington Avenue
New York, New York 10022-6030

Re:    Underhill Investment Corp. v. Fixed Income Discount Advisory Company
       U.S. District Court, D. Del. No. 06-99-SLR

Dear Sarah:

This is in response to your letter dated May 15, 2007 regarding FIDAC's obligation to pay Lee Buchwald's reasonable costs for responding to FIDAC's subpoena for documents and expert deposition. Federal Rule of Civil Procedure 26(b)(4)(C) is quite clear. It requires FIDAC, as the party requesting discovery from Plaintiffs' expert witness, to pay Mr. Buchwald a reasonable fee for his time spent responding to FIDAC's discovery requests. During our telephone conference on March 15, 2007, Jerry Novack acknowledged that Rule 26(b)(4)(C) requires FIDAC to pay for Mr. Buchwald's reasonable time preparing for the deposition. Furthermore, with Mr. Buchwald's report including curriculum vitae in hand, Jerry acknowledged that $450 is a reasonable hourly rate for Mr. Buchwald's time.

In light of the clear requirement of Rule 26(b)(4)(C) and Jerry's admissions, your current position appears dubious at best. We certainly do not know of any legal authority for your assertion that FIDAC is not required to pay the agreed upon reasonable rate for Mr. Buchwald's time spent responding to FIDAC's document requests, preparing for FIDAC's deposition, and testifying at the deposition. If you have any such authority, please provide the same to us within seven business days.

Very truly yours,

STEVENS & LEE

Todd J. Cook

Philadelphia  •  Reading  •  Valley Forge  •  Lehigh Valley  •  Harrisburg  •  Lancaster  •  Scranton
Williamsport  •  Wilkes-Barre  •  Princeton  •  Cherry Hill  •  New York  •  Wilmington

A PROFESSIONAL CORPORATION


A-19

**EXHIBIT "7"**

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
599 Lexington Avenue
New York, NY 10022-6030

T 212.536.3900    www.klgates.com

May 18, 2007

**First Class Mail**

Todd J. Cook, Esq.
Stevens & Lee, P.C.
P.O. Box 679
111 N. Sixth Street
Reading, Pennsylvania 19603

Re:    **Underhill Investment Corporation and Stephen D. Peskoff v. Fixed Income
Discount Advisory Company, C.A. No. 06-99-SLR**

Dear Todd:

    Pursuant to my recent letter dated May 15, 2007, enclosed is a check made out to Mr.
Buchwald in the amount of $900. This $900 constitutes $225 per hour for the 4 hours during
which Mr. Buchwald attended his deposition in this matter. As I previously explained, we
believe this amount satisfies FIDAC's obligations under Rule 26(b)(4)(C) of the Federal
Rules of Civil Procedure. I am sending the check to you, rather than to Mr. Buchwald, since
you have been dealing with Mr. Buchwald directly.

                              Sincerely,

                              Sarah P. Kenney

SPK
Enclosure

cc:    Gerald A. Novack (via electronic mail)

NY-528889 v1                  A-20

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS  LLP**
GENERAL ACCOUNT
599 Lexington Avenue
New York, NY 10022-6030

**MELLON BANK**
Mellon Bank, N.A.
Pittsburgh, PA

8011463

60-160
433

DATE
05/18/2007

900.00*******

Lee Buchwald

NINE HUNDRED AND 00/100

Lee Buchwald

NOT VALID AFTER 180 DAYS

Two Signatures Required If Over $10,000

⑈8011463⑈ ⑆043301601⑆ 126⑈8682⑈

---

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS  LLP**

Date:  **05/18/2007**     Payee:   **Lee Buchwald**               Vendor #:       83903          Check #: 8011463

| REF. # | INVOICE | INV. DATE | INV. AMOUNT | COMMENTS | AMT. PAID |
|--------|---------|-----------|-------------|----------|-----------|
| 913977 | 5-18-07 | 05/18/2007 | 900.00 | | 900.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | 900.00 |

A-21

**EXHIBIT "8"**

# STEVENS & LEE
## LAWYERS & CONSULTANTS

111 North 6th Street
P.O. Box 679
Reading, PA 19603-0679
(610) 478-2000  Fax (610) 376-5610
www.stevenslee.com

Direct Dial:     (610) 478-2076
Email:     tjc@stevenslee.com
Direct Fax:     (610) 371-1231

June 6, 2007

**VIA FACSIMILE AND U.S. MAIL**

Sarah P. Kenney, Esquire
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
599 Lexington Avenue
New York, New York 10022-6030

Re:   <u>Underhill Investment Corp. v. Fixed Income Discount Advisory Company</u>
      U.S. District Court, D. Del. No. 06-99-SLR

Dear Sarah:

This is in response to your letter dated May 18, 2007 regarding FIDAC's payment of Lee Buchwald's expert discovery fees under Federal Rule of Civil Procedure 26(b)(4)(C).    I will forward the $900 check to Mr. Buchwald.

Obviously, we disagree that this payment satisfies FIDAC's obligations under Rule 26(b)(4)(C).  In my letter dated May 15, 2007, I asked that you provide legal authority, if you had any, for your assertion that FIDAC is not required to pay the agreed upon reasonable rate for Mr. Buchwald's time spent responding to FIDAC's document requests, preparing for FIDAC's deposition, and testifying at the deposition.  In your May 18th response letter, you failed to provide any authority for your position.

Please remit payment for the remainder of Mr. Buchwald's fees incurred as a result of FIDAC's expert discovery subpoena.  If you fail to remit payment either to Plaintiffs' counsel or directly to Mr. Buchwald within five business days, we will file a motion for fees pursuant to Rule 26(b)(4)(C).

Very truly yours,

STEVENS & LEE

Todd J. Cook

Philadelphia  •  Reading  •  Valley Forge  •  Lehigh Valley  •  Harrisburg  •  Lancaster  •  Scranton
Williamsport  •  Wilkes-Barre  •  Princeton  •  Cherry Hill  •  New York  •  Wilmington

A PROFESSIONAL CORPORATION

SL1 726611v1/100409.00001

A-22

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that on this 12th day of June, 2007, I caused true and

correct copies of the foregoing Certificate of Counsel to be served upon counsel for the

Defendant by first class United States mail, postage prepaid and addressed as follows:

John L. Reed, Esquire
Denise Seastone Kraft, Esquire
EDWARD'S ANGELL PALMER & DODGE LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

Gerald A. Novack, Esquire
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022

_/s/ Joseph Grey_
Joseph Grey