**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNDERHILL INVESTMENT CORPORATION, *by and through Stephen D. Peskoff as successor in interest*, and STEPHEN D. PESKOFF, *individually*, | :<br>:<br>:<br>:<br>: | Civil Action No. 06-0099-SLR |
| Plaintiffs | :<br>: | |
| v. | :<br>: | |
| FIXED INCOME DISCOUNT ADVISORY COMPANY, | :<br>:<br>: | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL PAYMENT OF EXPERT DISCOVERY EXPENSES**

STEVENS & LEE, P.C.
Joseph Grey (DE Bar No. 2358)
G. Thompson Bell, III, *pro hac vice*
Todd J. Cook, *pro hac vice*
1105 North Market Street, Seventh Floor
Wilmington, DE 19801
TEL: (302) 654-5180
FAX: (302) 654-5181
EMAIL: jg@stevenslee.com
         gtb@stevenslee.com
         tjc@stevenslee.com

OF COUNSEL:
RUBEN & ARONSON, LLP
Robert L. Ruben, *pro hac vice*
Marshall F. Berman, *pro hac vice*
4800 Montgomery Lane, Suite 150
Bethesda, MD 20814
TEL: (301) 951-9696
FAX: (301) 951-9636
EMAIL: rruben@randalaw.com
         mberman@randalaw.com

DATED:    July 12, 2007

SL1 734792v2/100409.00001

**TABLE OF CONTENTS**

I. MANIFEST INJUSTICE WILL NOT RESULT IF FIDAC IS REQUIRED TO PAY FOR THE BENEFIT IT SOUGHT AND OBTAINED UNDER RULE 26(B)(4) ................................................................................................................. 1

II. ALL OF BUCHWALD'S TIME AND EXPENSES INCURRED SOLELY AS A RESULT OF THE REQUIREMENT OF RESPONDING TO FIDAC'S EXPERT DISCOVERY ARE COMPENSABLE UNDER RULE 26(B)(4)(C) ..................................... 3

III. BUCHWALD'S TIME IS REASONABLE IN LIGHT OF THE SCOPE OF THE REQUESTS AND THE ISSUES IN THE CASE ................................................................. 3

IV. CONCLUSION ........................................................................................................... 4

# TABLE OF AUTHORITIES

**CASES**

*Fisher-Price, Inc. v. Safety 1st, Inc.*,
    217 F.R.D. 329 (D. Del. 2003) ...............................................................................................3

*New York v. Solvent Chem. Co.*,
    210 F.R.D. 462, 469 (W.D.N.Y. 2002) ...................................................................................2

**STATUTES, RULES & REGULATIONS**

FED. R. CIV. P. 26................................................................................................................2, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNDERHILL INVESTMENT CORPORATION, *by and through Stephen D. Peskoff as successor in interest*, and STEPHEN D. PESKOFF, *individually*, | : : : : : : | |
| Plaintiffs | : : | Civil Action No. 06-0099-SLR |
| v. | : : | |
| FIXED INCOME DISCOUNT ADVISORY COMPANY, | : : : : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL PAYMENT OF EXPERT DISCOVERY EXPENSES**

FIDAC contends it should be relieved of its obligation to compensate Plaintiffs' expert, Lee Buchwald, for his time and expenses incurred solely as a result of FIDAC's decision to depose and propound expert discovery requests to Buchwald. FIDAC's arguments miss the point and should be rejected. The Court should grant Plaintiffs' motion because:

(i) Manifest injustice will not result if FIDAC is required to pay for the benefit it sought and obtained under Rule 26(b)(4);

(ii) All of Buchwald's time and expenses incurred solely to comply with FIDAC's expert discovery subpoena are compensable under Rule 26(b)(4)(C); and

(iii) Buchwald's time is reasonable in light of the scope of the requests and the issues in the case

**I. MANIFEST INJUSTICE WILL NOT RESULT IF FIDAC IS REQUIRED TO PAY FOR THE BENEFIT IT SOUGHT AND OBTAINED UNDER RULE 26(B)(4)**

FIDAC argues manifest injustice will result if it is required to compensate Buchwald because, based on the information it discovered during the deposition, FIDAC contends Buchwald's expert report and testimony is inadmissible. FIDAC's argument regarding

1

the admissibility of Buchwald's opinion is incorrect.  Compensation under Rule 26(b)(4)(C) is not conditioned on the ultimate determination of the admissibility of the expert's opinion.  Rather, Rule 26(b)(4) permits a party to take expert discovery from any individual "*identified* as an expert" and requires the discovering party to pay for the expert's time and expenses to respond to such discovery.  *See* FED. R. CIV. P. 26(b)(4)(A) & (C) (emphasis added).  FIDAC is unable to cite even a single case where the potential (or actual) inadmissibility of the proffered expert's opinion constituted manifest injustice under Rule 26(b)(4)(C).  In fact, one of the cases FIDAC cites stands for exactly the opposite proposition.  *See New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 469 (W.D.N.Y. 2002) ("Recochem's argument that the fee is unreasonable because Dr. Nauman lacks knowledge on the issue at hand is also irrelevant and does not change the fact that it is obligated to compensate Dr. Nauman for his time."); *see also* D.I. 70 at 16 (citing *Solvent Chem. Co.*, *supra*).

As a corollary to its admissibility argument, FIDAC contends it should be relieved of its obligation to compensate Buchwald because FIDAC allegedly obtained "no benefit" from the deposition.  To the contrary, FIDAC obtained the exact benefit intended by Rule 26(b)(4):  it discovered the basis for Buchwald's conclusions.  There can be no doubt FIDAC decided to take Buchwald's deposition for the purpose of discovering the basis of his opinion and possible grounds on which to attack his opinion at trial.  While Plaintiffs strenuously disagree with FIDAC's admissibility argument, the very fact that FIDAC contends Buchwald's opinion is inadmissible <u>based on information discovered during his deposition</u> clearly demonstrates that FIDAC believes it obtained exactly the benefit it sought at the deposition.  Under the circumstance, there is no basis for FIDAC to avoid its obligation to pay for the cost of its discovery as required under Rule 26(b)(4)(C).

2

## II. ALL OF BUCHWALD'S TIME AND EXPENSES INCURRED SOLELY AS A RESULT OF THE REQUIREMENT OF RESPONDING TO FIDAC'S EXPERT DISCOVERY ARE COMPENSABLE UNDER RULE 26(B)(4)(C)

FIDAC claims that Buchwald's expenses incurred responding to FIDAC's expert discovery requests and time spent preparing for the expert deposition and reviewing and certifying the transcript are non-compensable under Federal Rule of Civil Procedure 26(b)(4)(C). FIDAC is incorrect. This Court has held that it is "well established" that the party seeking expert discovery under Federal Rule of Civil Procedure 26(b)(4) must compensate the expert for his time preparing for the deposition. *See Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 331 (D. Del. 2003). In fact, the *Fisher-Price* Court held that all "***efforts to comply with the subpoena*** . . . clearly fall within the ambit of Rule 26(b)(4)(C) and are eligible for reimbursement by the party seeking the discovery." *Id.* at 332 (emphasis added). This includes, among other things, expenses a trial expert incurs responding to expert discovery requests. *See id.* at 334 (awarding expenses, including, among other things, copying and courier expenses, an expert retained to testify at trial incurred responding to expert discovery requests). All of Buchwald's invoiced time and expenses were incurred <u>solely to comply with FIDAC's expert discovery subpoena</u> and all invoiced charges are subject to reimbursement by FIDAC under Rule 26(b)(4)(C).

## III. BUCHWALD'S TIME IS REASONABLE IN LIGHT OF THE SCOPE OF THE REQUESTS AND THE ISSUES IN THE CASE

FIDAC contends that Buchwald's time responding to FIDAC's expert discovery subpoena is excessive. This contention is incorrect. Simply put, this case involves three complex transactions each spanning a number of years, involving multiple parties, numerous documents, several lengthy deposition transcripts. In light of the broad scope of the issues involved and the large number of facts and documents with which Buchwald had to be

3

conversant, the time he spent responding to FIDAC's expert subpoena is entirely reasonable. The Court should deny FIDAC's request for a second deposition to delve into the minutia of Buchwald's invoiced time. Such an exercise would add nothing to the record and would serve only to further multiply the costs to all parties involved.

### IV. CONCLUSION

As discussed above and in Plaintiffs' opening brief, the Federal Rules require FIDAC to compensate Buchwald for his time and expenses incurred solely to comply with FIDAC's expert discovery subpoena. Buchwald's charges invoiced are reasonable and no manifest injustice would result if FIDAC is required to pay him as required under the Federal Rules. As a result, Plaintiffs respectfully request that the Court grant their Motion to Compel Payment of Discovery Expenses.

Dated: July 12, 2007                              STEVENS & LEE, P.C.

By: */s/ Joseph Grey*
    Joseph Grey (DE Bar No. 2358)
    G. Thompson Bell, III, *pro hac vice*
    Pa. Attorney I.D. No. 32649
    Todd J. Cook, *pro hac vice*
    Pa. Attorney I.D. No. 89041
    1105 North Market Street
    Seventh Floor
    Wilmington, DE 19801
    TEL: (302) 654-5180
    FAX: (302) 654-5181
    EMAIL:  jg@stevenslee.com
              gtb@stevenslee.com
              tjc@stevenslee.com

OF COUNSEL:

RUBEN & ARONSON, LLP

   Robert L. Ruben, *pro hac vice*
   D.C. Attorney I.D. No. 414580
   Marshall F. Berman, *pro hac vice*
   D.C. Attorney I.D. No. 020743
   4800 Montgomery Lane, Suite 150
   Bethesda, MD 20814
   TEL: (301) 951-9696
   FAX: (301) 951-9636
   EMAIL: rruben@randalaw.com
   mberman@randalaw.com

*Attorneys for Plaintiffs Underhill Investment Corp. and Stephen D. Peskoff*

**CERTIFICATE OF SERVICE**

    I, Joseph Grey, hereby certify that on this 12th day of July, 2007, I caused true and correct copies of the foregoing Reply Memorandum of Law in Support of Plaintiffs' Motion to Compel Payment of Discovery Expenses to be served on counsel for the Defendant by first class United States mail, postage prepaid and addressed as follows:

    John L. Reed, Esquire
    Denise Seastone Kraft, Esquire
    EDWARD'S ANGELL PALMER & DODGE LLP
    919 North Market Street, 15th Floor
    Wilmington, DE 19801

    Gerald A. Novack, Esquire
    KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
    599 Lexington Avenue
    New York, New York 10022


          */s/ Joseph Grey*
          Joseph Grey