# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| **UNDERHILL INVESTMENT CORPORATION**, *by and through Stephen D. Peskoff as successor in interest* and **STEPHEN D. PESKOFF**, *individually*, | : : : : | |
| Plaintiffs, | : : | C.A. No. 06-99-SLR |
| v. | : : : | |
| **FIXED INCOME DISCOUNT ADVISORY COMPANY**, | : : : | |
| Defendant. | : : | |

## DEFENDANT'S STATEMENT OF MATERIAL, UNDISPUTED FACTS AND LEGAL ISSUES UPON WHICH JUDGMENT IS SOUGHT

                                  **EDWARDS ANGELL PALMER & DODGE LLP**
                                  John L. Reed (I.D. No. 3023)
                                  Joseph B. Cicero (I.D. No. 4388)
                                  919 North Market Street, 15th Floor
                                  Wilmington, DE 19801
                                  302.777.7770 (Phone)
                                  302.777.7263 (Fax)
                                  jreed@eapdlaw.com
                                  jcicero@eapdlaw.com

OF COUNSEL:
Gerald A. Novack (*pro hac vice*)
Sarah P. Kenney (*pro hac vice*)
**KIRKPATRICK & LOCKHART
   PRESTON GATES ELLIS LLP**
599 Lexington Avenue
New York, New York 10022
212.536.3900 (Phone)
212.536.3901 (Fax)

WLM 512792.1

Pursuant to the Court's Order issued February 13, 2008, defendant Fixed Income Discount Advisory Company ("FIDAC"), through its counsel Edwards Angell Palmer & Dodge LLP and Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby provides a statement of the (a) material facts as to which FIDAC contends there is no genuine issue to be tried, and (b) legal issues upon which judgment is sought through its motion for summary judgment.

**Statement of the Undisputed Material Facts**[1]

1. This is an action to recover millions of dollars in "finder's fees."[2]

2. FIDAC is a registered investment adviser, which earns fees for managing the assets of its clients. FIDAC's fees from its clients are generally calculated as a percentage of the value of its clients' assets under FIDAC's management. As is customary in the industry, from time-to-time FIDAC will pay a "finder's fee" to a party who introduces a <u>client</u> to FIDAC where, as a result of the introduction, the client deposits money with FIDAC to manage. Under the typical finder's fee agreement, FIDAC pays the finder a specified percentage of the advisory fees that FIDAC earns from managing the client's funds.[3]

---

[1] Citations styled "A-__" refer to the designated pages of the Appendix submitted in support of FIDAC's Opening Brief in Support of its Motion for Summary Judgment; following each such citation is the corresponding citation to the relevant transcript or deposition exhibit, providing the name of the deponent and the page number of the testimony, as appropriate.

[2] (A-85, A-89-A-90, A-108-A-109, A-110, A-148, A-266; Peskoff, pp. 44, 61-62, 136-38, 142-43, 280-82; A-43; Peskoff Ex. 21, ¶ 1; A-59-A-60; Peskoff Ex. 30, ¶¶ 57-62).

[3] (A-236-A-237; Kazel, pp. 8-10).

3.  The Plaintiffs, Stephen D. Peskoff ("Peskoff") and his now-dissolved closely-held corporation, Underhill Investment Corporation,[4] do not claim that they are entitled to a finder's fee as a result of introducing any <u>clients</u> to FIDAC.[5]

4.  Instead, Plaintiffs claim that they earned finder's fees because Peskoff introduced FIDAC to two companies – Gen Advisors LLC ("Gen Advisors") and Sentry Select Capital Corp. ("Sentry Select") – so that they might discuss whether there existed any mutually advantageous business opportunities they might pursue with FIDAC.[6]

5.  After extensive business development efforts over several years, FIDAC, in collaboration with Gen Advisors and Sentry Select, launched the investment vehicles concerning which Plaintiffs are now seeking a portion of FIDAC's management fees.[7]

6.  Plaintiffs' involvement with these investment vehicles was limited to introducing FIDAC to Gen Advisors[8] and Sentry Select.[9]

7.  FIDAC never asked Plaintiffs to make any introductions regarding any business opportunities with Gen Advisors[10] or Sentry Select.[11]

---

[4] (A-2; Devlin Ex. 2; A-53; Peskoff Ex. 30, ¶ 5).

[5] (A-107-A-108; Peskoff, pp. 130-35, 136-37; A-52-A-61; Peskoff Ex. 30).

[6] (A-107-A-108, A-148; Peskoff, pp. 130-32, 132-37, 280-82; A-52-A-61; Peskoff Ex. 30).

[7] (A-276-A-279; Farrell, pp. 60-62, 68-71; A-84-A-86, A-101, A-128; Peskoff, pp. 39, 40-47, 107-08, 200-01; A-247, A-249, A-250, A-257; Kazel, pp. 49-52, 58-59, 61-63, 91-92; A-198; Baptista, pp. 47-49).

[8] (A-85, A-100, A-107, A-147, A-160, A-247-A-248; Peskoff, pp. 44, 52-53, 104, 131-37, 279, 329-30; A-210; Baptista, pp. 94-95; A-247-A-248, Kazel, pp. 52-53).

[9] (A-108-A-109, A-147, A-149; Peskoff, pp. 135-38, 279, 285; A-250; Kazel, p. 62).

[10] (A-149; Peskoff; pp. 284-85; A-193; Baptista, pp. 26-28).

[11] (A-99, A-149; Peskoff; pp. 101, 284-85).

WLM 512792.1

8.  Before making the introductions, Plaintiffs never asked FIDAC whether it would compensate Plaintiffs for doing so.[12]

9.  Before Peskoff introduced FIDAC to Gen Advisors and Sentry Select, FIDAC had not promised to pay Plaintiffs for any such introductions.[13]

10. Plaintiffs acted entirely on their own initiative introducing FIDAC to Gen Advisors[14] and Sentry Select.[15]

11. There exists no writing that satisfies New York's Statute of Frauds, N.Y. Gen. Oblig. Law § 5-701(a)(10), which applies to transactions in which an alleged finder claims to have introduced two parties who ultimately do business together.[16]

### Statement of The Legal Issues Upon Which Judgment Is Sought

12. Whether the undisputed facts support a claim for relief under quantum meruit or promissory estoppel.

13. Whether Plaintiffs' claims are, in any event, barred by New York's Statute of Frauds, N.Y. Gen. Oblig. Law § 5-701(a)(10).

---

[12] (A-149, A-182; Peskoff, pp. 285, 427).

[13] (A-149, A-181-A-182; Peskoff, pp. 285, 426-27).

[14] (A-148, A-149; Peskoff, pp. 280-82, 284-85).

[15] (A-109, A-149, Peskoff, pp. 139, 283-85).

[16] *See* FIDAC's Answering Brief In Opposition To Plaintiffs' Motion For Partial Summary Judgment (D.I. 66), pp. 22-23; FIDAC's Reply Brief In Support of Its Motion For Summary Judgment, pp. 1-3 (D.I. 80).

WLM 512792.1

Dated: February 29, 2008         **EDWARDS ANGELL PALMER & DODGE LLP**

  /s/ *John L. Reed*
John L. Reed (I.D. No. 3023)
Joseph B. Cicero (I.D. No. 4388)
919 North Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770 (Phone)
302.777.7263 (Fax)
jreed@eapdlaw.com
jcicero@eapdlaw.com

- and -

Gerald A. Novack (*pro hac vice*)
Sarah P. Kenney (*pro hac vice*)
**KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP**
599 Lexington Avenue
New York, New York 10022
212.536.3900 (Phone)
212.536.3901 (Fax)

**CERTIFICATE OF SERVICE**

      I, John L. Reed, hereby certify that on February 29, 2008, the attached **DEFENDANT'S STATEMENT OF MATERIAL, UNDISPUTED FACTS AND LEGAL ISSUES UPON WHICH JUDGMENT IS SOUGHT** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available or viewing and downloading from CM/ECF:

    Joseph Grey, Esq.
    Stevens & Lee, P.C.
    1105 North Market Street, Seventh Floor
    Wilmington, DE 19801

DATED: February 29, 2008      **EDWARDS ANGELL PALMER & DODGE LLP**

                                    */s/ John L. Reed*
                                    John L. Reed (I.D. No. 3023)
                                    Joseph B. Cicero (I.D. No. 4388)
                                    919 N. Market Street, 15th Floor
                                    Wilmington, DE 19801
                                    302.777.7770
                                    302.777.7263

WLM 512800.1