IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNDERHILL INVESTMENT    :
CORPORATION, *by and through Stephen* :
*D. Peskoff as successor in interest*, and :
STEPHEN D. PESKOFF, *individually*,  :
            :  Civil Action No. 06-0099-SLR
    Plaintiffs   :
            :
   v.       :
            :
FIXED INCOME DISCOUNT   :
ADVISORY COMPANY,    :
            :
   Defendant.   :

PLAINTIFFS' REPLY TO DEFENDANT'S STATEMENT
OF MATERIAL, UNDISPUTED FACTS
AND LEGAL ISSUES UPON WHICH JUDGMENT IS SOUGHT

Pursuant to the Court's Order of February 13, 2008 [D.I. 85], Plaintiffs Underhill

Investment Corporation ("Underhill") and Stephen D. Peskoff ("Peskoff" or, together with

Underhill, "Plaintiffs") file this reply to Defendant Fixed Income Discount Advisory Company's

("FIDAC") statement of material, undisputed facts and legal issues upon which judgment is

sought [D.I. 88].

**Response to FIDAC's Statement of Purported Undisputed Material Facts**

1.   Denied.  The allegations of this paragraph refer to the Amended Complaint, which

speaks for itself, and Plaintiffs specifically deny any characterization of the Amended Complaint

contrary to the express terms thereof.  By way of further response, this is a case for recovery of

the value of Plaintiffs' consulting services rendered to FIDAC under quasi-contract theories of

quantum meruit and promissory estoppel.

1

2.      Admitted.  It is admitted that FIDAC is an investment adviser and is generally paid a percentage of the value of assets under its management.  It is further admitted that Ronald Kazel testified regarding the characteristics of FIDAC's typical "finder's fee" agreements.  By way of further response and explanation, the facts alleged in this paragraph are not material to the determination of whether FIDAC is liable to Plaintiffs under Plaintiffs' quasi-contract theories of quantum meruit and/or promissory estoppel.  To the contrary, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].

3.      Denied.  The allegations of this paragraph refer to the Amended Complaint, which speaks for itself, and Plaintiffs specifically deny any characterization of the Amended Complaint contrary to the express terms thereof.  By way of further response, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].

4.      Admitted in part and denied in part.  It is admitted that Plaintiffs' claims are based on Plaintiffs' introductions of the principals of Gen Advisors and Sentry Select to FIDAC and the resulting transactions.  The remaining allegations of this paragraph refer to the Amended Complaint, which speaks for itself, and Plaintiffs specifically deny any characterization of the Amended Complaint contrary to the express terms thereof.  By way of further response, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].

5.      Admitted in part and denied in part.  It is admitted that FIDAC launched and has made millions of dollars from the Premier fund and the MBS Trusts as a result of Plaintiffs'

introductions of Gen Advisors and Sentry Select.  It is further admitted that there was a period of development preceding the launch of these new and unique products.  However, it is specifically denied that the business development efforts required to launch the Premier fund and/or the MBS Trusts were atypical for such unique and groundbreaking transactions.  To the contrary, Ernie Baptista of Gen Advisors testified "I don't think there was a delay.  It was just new ground and everyone had to get comfortable with one another and decide they are going to go ahead and do it."  [D.I. 53 at A-205 (Transcript of December 12, 2006 Deposition of Ernest P. Baptista, Jr. at page 76:22-25)].

6.      Denied.  The allegations of this paragraph are specifically denied.  To the contrary, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].

7.      Admitted.  By way of further response, FIDAC agreed to meet with Gen Advisors and Sentry Select once Plaintiffs informed FIDAC of the potential for FIDAC to do business with Gen Advisors and Sentry Select.  By way of further response, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].

8.      Admitted.  By way of further response, at the time of the introductions Plaintiffs had a signed Consulting Agreement with FIDAC providing that FIDAC would pay Plaintiffs for their services and the parties had a course of dealing whereunder FIDAC had in fact paid Plaintiffs for their services.  By way of further response, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].

3

9.      Admitted in part and denied in part.  It is admitted that FIDAC did not specifically tell Plaintiffs that it would pay Plaintiffs for the Gen Advisors and Sentry Select introductions before Plaintiffs made the introductions at which time FIDAC had no knowledge of the forthcoming introductions.  However, at the time of the introductions, Plaintiffs and FIDAC had a signed Consulting Agreement providing that FIDAC would pay Plaintiffs for their services. By way of further response, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].  Furthermore, the facts alleged in this paragraph are not material to the determination of whether FIDAC is liable to Plaintiffs under Plaintiffs' quasi-contract theory of quantum meruit.

10.      Admitted.  By way of further response, the facts alleged in this paragraph are not material to the determination of whether FIDAC is liable to Plaintiffs under Plaintiffs' quasi-contract theories of quantum meruit and/or promissory estoppel.  To the contrary, Plaintiffs incorporate paragraphs 14-16, 19-56, 61-63, 65-67, 70-72 of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 14-16, 19-56, 61-63, 65-67, 70-72].

11.      Denied.  This paragraph states a legal conclusion to which no response is required.  Moreover, New York law does not govern Plaintiffs' claims against FIDAC.  [*See* D.I. 54 at 11-18].  To the extent that a response is deemed to be required, the allegations of this paragraph are specifically denied.  To the contrary, even if New York law did apply (and it does not), there is a signed Consulting Agreement between Plaintiffs and FIDAC sufficient to satisfy the New York statute of frauds.  [*See* D.I. 57, Exhibit 3; D.I. 74 at 21-24].

**<u>Response to FIDAC's Statement of Legal Issues Upon Which Judgment is Sought</u>**

12.        It is admitted that this paragraph states a legal issue upon which FIDAC seeks

entry of judgment.  It is denied, however, that FIDAC is entitled to summary judgment on

Plaintiffs' claims for relief under quantum meruit and/or promissory estoppel.  To the contrary,

Plaintiffs incorporate Plaintiffs' statement of legal issues set forth in paragraphs 65-67 and 70-72

of Plaintiffs' statement of facts and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶

65-67, 70-72].

13.        It is admitted that this paragraph states a legal issue upon which FIDAC seeks

entry of judgment.  It is denied, however, that Plaintiffs' claims are barred by the New York

Statute of Frauds, N.Y. Gen. Oblig. Law § 5-701(a)(10).  To the contrary, Plaintiffs incorporate

Plaintiffs' statement of legal issues set forth in paragraphs 61-63 of Plaintiffs' statement of facts

and legal issues as if set forth at length herein.  [*See* D.I. 89 ¶¶ 61-63].

SL1 803509v1/100409.00001

Respectfully submitted,

Dated: March 21, 2008                STEVENS & LEE, P.C.


By: _/s/ Joseph Grey_____
    Joseph Grey (DE Bar No. 2358)
    G. Thompson Bell, III, *pro hac vice*
    Pa. Attorney I.D. No. 32649
    Todd J. Cook, *pro hac vice*
    Pa. Attorney I.D. No. 89041
    1105 North Market Street
    Seventh Floor
    Wilmington, DE 19801
    TEL: (302) 654-5180
    FAX: (302) 654-5181
    EMAIL:  jg@stevenslee.com
            gtb@stevenslee.com
            tjc@stevenslee.com

OF COUNSEL:

RUBEN & ARONSON, LLP

    Robert L. Ruben, *pro hac vice*
    D.C. Attorney I.D. No. 414580
    Marshall F. Berman, *pro hac vice*
    D.C. Attorney I.D. No. 020743
    4800 Montgomery Lane, Suite 150
    Bethesda, MD 20814
    TEL: (301) 951-9696
    FAX: (301) 951-9636
    EMAIL: rruben@randalaw.com
    mberman@randalaw.com

    *Attorneys for Plaintiffs Underhill Investment Corp.*
    *and Stephen D. Peskoff*

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph Grey, hereby certify that on this 21st day of March, 2008, and in addition to

the service provided under the Court's CM/ECF system, I caused true and correct copies of the

foregoing PLAINTIFFS' REPLY TO DEFENDANT'S STATEMENT OF MATERIAL,

UNDISPUTED FACTS AND LEGAL ISSUES UPON WHICH JUDGMENT IS SOUGHT to

be served by first class United States mail, postage prepaid, addressed to Defendant's counsel as

follows:

> John L. Reed, Esquire
> Denise Seastone Kraft, Esquire
> EDWARD'S ANGELL PALMER & DODGE LLP
> 919 North Market Street, 15th Floor
> Wilmington, DE 19801
>
> Gerald A. Novack, Esquire
> KIRKPATRICK & LOCKHART
> PRESTON GATES ELLIS LLP
> 599 Lexington Avenue
> New York, New York 10022

> _/s/ Joseph Grey_
> Joseph Grey