**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNDERHILL INVESTMENT CORPORATION, *by and through Stephen D. Peskoff as successor in interest*, and STEPHEN D. PESKOFF, *individually*, | : : : : : | |
| Plaintiffs | : | Civil Action No. 06-0099-SLR |
| v. | : | |
| FIXED INCOME DISCOUNT ADVISORY COMPANY, | : : | |
| Defendant. | : | |

**<u>AFFIDAVIT OF LEE E. BUCHWALD</u>**

STATE OF NEW YORK        :
                                              : ss.
COUNTY OF NEW YORK    :

  I, LEE E. BUCHWALD, being duly sworn according to law, depose and say:

  1. I make this affidavit based on personal knowledge pursuant to the Court's Order dated March 31, 2008 (D.I. 95) in support of Plaintiffs' Motion to Compel Payment of Expert Discovery Expenses (D.I. 59).

  2. I am the principal of Buchwald Capital Advisors LLC with a business address of 380 Lexington Avenue, 17th Floor, New York, NY 10168-1799.

  3. I was retained by Stephen D. Peskoff in the above-referenced case to render my expert opinion regarding the value of Plaintiffs' services to Defendant Fixed Income Discount Advisory Company ("FIDAC") in connection with FIDAC's transactions with Gen Advisors, LLC ("Gen Advisors") and Sentry Select Capital Corporation ("Sentry Select").

  4. In 1978, I earned a Bachelors degree in Economics from Columbia College and, in 1982, I earned a Masters of Business Administration from Columbia University.

  5. I have over twenty-five years experience in the financial services and investment banking industries in New York City, NY, including mergers and acquisitions, private and public offerings of securities, and valuations and fairness opinions.

  6. My standard hourly rate is $450.00.

7.	Pursuant to a subpoena issued by FIDAC, I spent a total of 39.5 hours (i) gathering documents for production to FIDAC, (ii) preparing for and participating in a deposition taken by FIDAC's counsel on March 21, 2007, and (iii) reviewing and certifying the deposition transcript. I worked these hours on this case solely because of FIDAC's subpoena. (*See* D.I. 61 at 18 & 23). This time was reasonable in light of the facts and circumstances of this case.

8.	To defend my expert report during the deposition, I was required to remember and recall detailed facts of three separate complex transactions spanning portions of seven years involving Plaintiffs, FIDAC and three different third-parties (Gen Advisors, Sentry Select and Friedman Billings Ramsey & Company).

9.	To defend my expert report, I was required to be ready to answer questions from FIDAC's counsel regarding the facts contained in (i) five deposition transcripts and exhibits thereto totaling over 750 pages, (ii) over 200 pages of documents exchanged by the parties in discovery and (iii) over 270 pages of exhibits attached in support of my 9 page expert report.

10.	I had to prepare to testify regarding numerous past transactions I was involved in over the course of my career and how those transactions applied to or supported my expert report.

11.	In light of the extremely fact- and document-intensive nature of the assignment, the 19 hours I spent preparing for my deposition were reasonable and appropriate.

12.	FIDAC's eleven page subpoena also included extensive document requests that required me to spend 8.5 hours reviewing my files and preparing documents for production to FIDAC. These hours were reasonable in light of the circumstances. Specifically, after I received the subpoena, Plaintiffs' counsel contacted FIDAC's counsel and asked FIDAC to relieve me of the obligation to produce documents produced in discovery or deposition transcripts ("Discovery Documents") FIDAC already had in its possession. In written correspondence dated March 9, 2007, FIDAC said I had to produce any Discovery Documents containing my notes, highlighting or underlining. Accordingly, I was required to spend additional hours reviewing documents to locate responsive Discovery

Documents containing any of my notes, highlighting or underlining. As a result, I produced to FIDAC's counsel approximately 1,520 pages of documents including all Discovery Documents containing any of my notes, highlighting or underlining.

13. Before responding to the subpoena, I spent 2 hours reviewing the eleven page subpoena and discussing the subpoena and upcoming deposition with counsel for Plaintiffs. This time was necessary and reasonable to allow me to properly respond to FIDAC's subpoena.

14. On March 21, 2007, I spent four hours in final preparation for and attendance at my deposition.

15. In April 2007, I spent a total of 6 hours reviewing the 132-page deposition transcript, having two telephone conferences with counsel for Plaintiff regarding the accuracy of the deposition transcript, determining whether it would be necessary to complete an errata sheet, and executing and having my certification of the deposition transcript notarized.

16. I took the transcript reviewing and signing process extremely seriously because I knew that FIDAC's counsel would later inquire about my review and signing of the transcript at trial if my deposition testimony was inconsistent with my trial testimony. Accordingly, the 6 hours I spent on the entire review process was reasonable.

17. All of the time I was required to devote to responding to FIDAC's subpoena prevented me from working on other transactions for which I could have been paid my standard hourly rate of $450.00.

18. I recognize that the statements herein are made subject to the penalties of perjury.

_____
Lee E. Buchwald

Sworn and subscribed
to me this 15th day of
April, 2008

_____
Notary Public
Dated: 4/15/08

RYAN FEALEY
Notary Public, State of New York
No. 01FE6079472
Qualified in Nassau County
Commission Expires August 26, 2010

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNDERHILL INVESTMENT CORPORATION, *by and through Stephen D. Peskoff as successor in interest*, and STEPHEN D. PESKOFF, *individually*, | : : : : | |
| Plaintiffs | : | Civil Action No. 06-0099-SLR |
| v. | : | |
| FIXED INCOME DISCOUNT ADVISORY COMPANY, | : : | |
| Defendant. | : | |

### [PROPOSED] ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of Plaintiffs' Motion to Compel Payment of Expert Discovery Expenses (Doc. 59), the parties' briefs filed in support thereof and opposition thereto, and the parties affidavits filed in support thereof and opposition thereto, it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Defendant Fixed Income Discount Advisory Company is directed to remit payment, within five days of the date of this Order, to Plaintiffs' expert, Lee Buchwald, in the amount of $17,204.15, which constitutes Buchwald's fees and expenses reasonably incurred responding to Defendant's expert discovery subpoena. In addition, Defendant is ORDERED to pay Plaintiffs' costs, including reasonable attorneys' fees, incurred as a result of Defendants' dilatory conduct as follows:

(a) Within fifteen days of the date of this Order, Plaintiffs shall submit a bill of costs, including reasonable attorneys' fees, incurred as a result of Defendant's failure to comply with Federal Rule of Civil Procedure 26(b)(4)(C).

(b) Within ten days of service of Plaintiffs' bill of costs, Defendant shall file objections thereto, if any.

(c) The Court shall determine Plaintiffs' reasonable costs, including attorneys' fees, upon the parties' written submissions.

(d) Upon determination of Plaintiffs' reasonable costs, the Court shall issue a further Order directing Defendant to remit full payment of such costs to Plaintiffs within ten days.

BY THE COURT:

_____
HONORABLE SUE L. ROBINSON
United States District Judge
*District of Delaware*

**CERTIFICATE OF SERVICE**

I, Joseph Grey, hereby certify that on this 15th day of April, 2008, and in addition to the service provided under the Court's CM/ECF system, I caused true and correct copies of the foregoing AFFIDAVIT and PROPOSED ORDER to be served by first class United States mail, postage prepaid, addressed to Defendant's counsel as follows:

> John L. Reed, Esquire
> Denise Seastone Kraft, Esquire
> EDWARD'S ANGELL PALMER & DODGE LLP
> 919 North Market Street, 15th Floor
> Wilmington, DE 19801
>
> Gerald A. Novack, Esquire
> KIRKPATRICK & LOCKHART
> PRESTON GATES ELLIS LLP
> 599 Lexington Avenue
> New York, New York 10022

> _/s/ Joseph Grey_
> Joseph Grey

SL1 803509v1/100409.00001