IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNDERHILL INVESTMENT CORPORATION**, *by and through Stephen D. Peskoff as successor in interest* and **STEPHEN D. PESKOFF**, *individually*,<br><br>       Plaintiffs,<br><br>       v.<br><br>**FIXED INCOME DISCOUNT ADVISORY COMPANY**,<br><br>       Defendant. | C.A. No. 06-99-SLR |

## FIDAC'S OPPOSITION TO THE AFFIDAVIT OF LEE E. BUCHWALD

OF COUNSEL:
Gerald A. Novack (*pro hac vice*)
Sarah P. Kenney (*pro hac vice*)
**KIRKPATRICK & LOCKHART**
   **PRESTON GATES ELLIS LLP**
599 Lexington Avenue
New York, New York 10022
212.536.3900 (Phone)
212.536.3901 (Fax)

**EDWARDS ANGELL PALMER & DODGE LLP**
John L. Reed (I.D. No. 3023)
Joseph B. Cicero (I.D. No. 4388)
919 North Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770 (Phone)
302.777.7263 (Fax)
jreed@eapdlaw.com
jcicero@eapdlaw.com

*Attorneys for Defendant*

DATED: April 24, 2008

WLM 513364.1

Pursuant to this Court's Order dated March 31, 2008 (the "Order"), Defendant Fixed Income Discount Advisory Company ("FIDAC"), through its counsel Edwards Angell Palmer & Dodge LLP and Kirkpatrick & Lockhart Preston Gates Ellis LLP, hereby submits its opposition to the Affidavit of Lee E. Buchwald.

On March 31, 2008, this Court issued the Order, which granted in part and denied in part Plaintiffs' motion to compel payment of discovery expenses incurred by their "expert," Lee E. Buchwald. Along with the Order, this Court issued an opinion (the "Opinion") that made the following three findings:

- it was "excessive" for Mr. Buchwald to spend 19 hours preparing for his deposition given that the deposition related to a 9-page expert report issued only 3 weeks earlier;

- it was "unreasonable" for Mr. Buchwald to spend 6 hours reviewing the 132-page transcript of his deposition; and

- the time Mr. Buchwald spent reviewing his deposition transcript is not compensable at his full hourly rate.

The Opinion did not issue any findings with respect to Mr. Buchwald's time spent reviewing and responding to the subpoena. The Order directed Plaintiffs to file an affidavit setting forth discovery expenses commensurate with the findings set forth in the Opinion.

The documents submitted by Plaintiffs ("Plaintiffs' Submission") pursuant to the Order completely ignore the Court's three findings. Plaintiffs' Submission merely reargues the very points already decide by the Court, arguing – contrary to the Court's findings – that the 19 hours and the 6 hours that the Court deemed to be "excessive" and "unreasonable" were not excessive and unreasonable. The Plaintiffs also fail to suggest a reduced hourly rate for the time Mr. Buchwald spent reviewing his deposition transcript.

- 2 -

Plaintiffs' Submission fails to provide much of the factual information necessary to determine what additional reimbursement (if any) would be appropriate. Among other things, Plaintiffs' Submission fails to explain what portion of the 19 hours of deposition preparation time Mr. Buchwald spent conferring with Plaintiffs' legal counsel and re-reading the documents cited in his report, which he had completed only three weeks earlier. It would be unreasonable to require FIDAC to compensate Mr. Buchwald for such tasks. Without such information, FIDAC must assume certain facts to identify a reasonable amount of compensable time.

FIDAC estimates it should have taken Mr. Buchwald 4 hours to review materials from his prior cases since the only such documents he produced were: (1) a transcript he received in a case on November 12, 2006, 3 months earlier; and (2) a report, dated July 10, 2006, he prepared in another case less than 8 months earlier. Because Mr. Buchwald had reviewed all the other documents he produced while preparing his report a few weeks before his deposition, it would have been reasonable for Mr. Buchwald to spend 6 hours preparing for the deposition (4 hours to review his old material and 2 hours to refresh his memory by reviewing his report and related materials).

Nor does Plaintiffs' Submission explain how much of the 8.5 hours Mr. Buchwald spent responding to the subpoena was devoted to administrative tasks, such as photocopying documents. FIDAC assumes that it should have taken Mr. Buchwald 1 hour to gather his files since he presumably used them to prepare his expert report and discuss his engagement only a short time earlier. Thus, 1 hour seems to be a reasonable period of compensation for this task. If any additional time is deemed compensable, it should be compensable at a reduced rate of someone performing administrative work.

With respect to the time Mr. Buchwald spent reviewing his deposition transcript, FIDAC believes that 2 hours would be a reasonable amount of compensable time. Reading the transcript at a rate of 280 words per minute (the level of an average college student), it would have taken Mr. Buchwald 1.5 hours to review the transcript. *See* Center for Literacy and Reading Instruction, Teacher Modeling-Guided Repeated Readings (TMgRR), available at *http://www.readingcenter.buffalo.edu/center/research/tmgrr.html* (listing reading rates). Given that Mr. Buchwald did not edit it, 2 hours would be a reasonable amount of time to review and sign the transcript.

For the foregoing reasons, FIDAC respectfully submits that compensation of an additional 9 hours of Mr. Buchwald's time (at a reduced rate as directed by this Court's opinion), along with the $900 previously paid by FIDAC to Mr. Buchwald, constitutes a reasonable fee for the time Mr. Buchwald spent responding to discovery under Rule 26(b)(4).

Dated: April 24, 2008     **EDWARDS ANGELL PALMER & DODGE LLP**

　　　　　　　　　　　　　　　　　　  */s/ Joseph B. Cicero*
　　　　　　　　　　　　　　　　　　John L. Reed (I.D. No. 3023)
　　　　　　　　　　　　　　　　　　Joseph B. Cicero (I.D. No. 4388)
　　　　　　　　　　　　　　　　　　919 North Market Street, 15th Floor
　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　302.777.7770 (Phone)
　　　　　　　　　　　　　　　　　　302.777.7263 (Fax)
　　　　　　　　　　　　　　　　　　jreed@eapdlaw.com
　　　　　　　　　　　　　　　　　　jcicero@eapdlaw.com

　　　　　　　　　　　　　　　　　　　  - and -

　　　　　　　　　　　　　　　　　　Gerald A. Novack (*pro hac vice*)
　　　　　　　　　　　　　　　　　　Sarah P. Kenney (*pro hac vice*)
　　　　　　　　　　　　　　　　　　**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
　　　　　　　　　　　　　　　　　　599 Lexington Avenue
　　　　　　　　　　　　　　　　　　New York, New York 10022

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNDERHILL INVESTMENT CORPORATION**, *by and through Stephen D. Peskoff as successor in interest* and **STEPHEN D. PESKOFF**, *individually*,<br><br>        Plaintiffs,<br><br>    v.<br><br>**FIXED INCOME DISCOUNT ADVISORY COMPANY**,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   C.A. No. 06-99-SLR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## [PROPOSED] ORDER

At Wilmington this ___ day of ____ , 2008, upon consideration of Plaintiffs' Motion to Compel Payment of Discovery Expenses (D.I. 59), the parties' briefs filed in support thereof and opposition thereto, the Affidavit of Lee. E. Buchwald, and the Defendant's opposition thereto, it is hereby ORDERED that:

    1.    Plaintiffs' Motion to Compel Payment of Discovery Expenses is granted in part and denied in part.

    2.    A reasonable fee for the time Plaintiffs' expert, Mr. Lee E. Buchwald, spent responding to discovery under Rule 26(b)(4)(A) is $____.

                                                      _____<br>                                                      HONORABLE SUE L. ROBINSON<br>                                                    United States District Judge

WLM 513364.1

**CERTIFICATE OF SERVICE**

      I, Joseph B. Cicero, hereby certify that on April 24, 2008, the attached **FIDAC'S OPPOSITION TO THE AFFIDAVIT OF LEE E. BUCHWALD** and **PROPOSED ORDER** were hand delivered to the following persons and electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available or viewing and downloading from CM/ECF:

Joseph Grey, Esq.
Stevens & Lee, P.C.
1105 North Market Street, Seventh Floor
Wilmington, DE 19801

DATED: April 24, 2008          **EDWARDS ANGELL PALMER & DODGE LLP**

                                      */s/ Joseph B. Cicero*
John L. Reed (I.D. No. 3023)
Joseph B. Cicero (I.D. No. 4388)
919 N. Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263
jreed@eapdlaw.com
jcicero@eapdlaw.com