# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNDERHILL INVESTMENT CORPORATION and STEPHEN D. PESKOFF, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 06-099-SLR |
| FIXED INCOME DISCOUNT ADVISORY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

At Wilmington this 5th day of May, 2008, having reviewed the parties'

submissions pursuant to this court's order and memorandum opinion of March 31,

2008;

IT IS ORDERED that defendant remit to plaintiffs $ 9675, for the reasons that

follow:

1. **Background.** As noted in the memorandum opinion, plaintiffs seek payment

of discovery expenses in connection with plaintiffs' valuation expert, Lee. E. Buchwald

("Buchwald"), pursuant to Federal Rule of Civil Procedure 24(b)(4)(C). (D.I. 94)

Specifically, plaintiffs seek payment at Buchwald's hourly rate of $450 for: (1) 2 hours

of telephone conferences with plaintiffs' counsel regarding expert discovery; (2) 8.5

hours responding to defendant's document requests; (3) 19 hours preparing for the

deposition; (4) 4 hours participating in the expert deposition; (5) 6 hours reviewing and

certifying the transcript of the expert deposition; and (6) related copying,

telecommunication and courier expenses. (D.I. 94 at 17-18)

    2. The court previously determined that Buchwald's time spent preparing for his

deposition and the amount of time spent reviewing the deposition transcript were

unreasonable. (Id. at 18-19) The court also noted that Buchwald's time spent

reviewing his own deposition transcript was not compensable at the full hourly rate.[1]

(Id.) Consistent with these determinations, the court ordered the parties to file affidavits

demonstrating discovery expenses "commensurate with the court's opinion." (D.I. 95)

    3. **Analysis.** Plaintiffs failed to comply with the court's order; instead, plaintiffs

elected to reargue the motion to compel payment of discovery expenses contending

that all of Buchwald's time spent was both reasonable and compensable at $450 per

hour. (D.I. 97) Plaintiffs also failed to suggest a reduced hourly rate for the time

Buchwald spent reviewing his deposition transcript or a reasonable time for this activity.

(See id.) In addition, plaintiffs did not provide any information to aid the court in its

determination of the appropriate amount of compensable time with respect to

Buchwald's preparation for the deposition. (See id.) Given these failures, the court

determines that Buchwald reasonably could have prepared for his deposition in 6 hours

and that his review of his own deposition transcript reasonably could have been

completed in 2 hours. Buchwald's review of his deposition transcript is compensable at

a reduced hourly rate of $225. All other asserted expenses (a total of 14.5 hours spent

---

[1]Buchwald asserts in his affidavit that the six hours comprises his review of the
transcript, two telephone conferences with plaintiffs' counsel and having his certification
of the deposition transcript notarized. (D.I. 97 at ¶ 16)

2

conferring with plaintiffs' counsel, responding to discovery requests, and participating in

the deposition) are compensable at Buchwald's standard hourly rate of $450.

4. Defendant shall remit payment to plaintiffs commensurate with this order **on**

**or before May 19, 2008**.

United States District Judge

3